## Braine *versus* Spalding.

1. The possibility that an action may be brought against an attorney for neglect of duty, is too remote and contingent to affect his competency as a witness for his client.

2. The true test of interest in a witness is, that he will either gain or lose as the direct legal effect of the judgment, or that the record will be legal evidence for or against him in some other action.

3. His liability to a like action is an interest in the *question* only, and does not exclude him. His interest from liability over, must result from an obligation to indemnify the party calling him.

4. An attorney employed to collect a note is liable to his client for not using reasonable skill and diligence; but there is no obligation to indemnify.

5. The endorser, at his own request, received from the attorney the note and undertook to have it put into the hands of a magistrate for collection from the drawer. *Held*, that he had waived the necessity of presentation and protest, and was estopped in a suit against himself on the note from objecting to the competency of the attorney as a witness.

ERROR to the Court of Common Pleas of *Bradford county*.

This was an action of *assumpsit* by A. P. Spalding, endorsee of William Braine, against William Braine, on a note dated May 9th 1860, from T. S. Griswold and Erastus N. Griswold, to Braine " or bearer," payable in two years, for $50, with interest.

About the time the note became due, the agent of Spalding, the endorsee, put it into the hands of Delos Rockwell, Esq., a lawyer, for collection. Braine, on the 9th of May 1862, sought an interview with Rockwell about the note, and suggested to him to proceed immediately to its collection against the drawers, one of whom was insolvent, and at his request Mr. Rockwell gave him the note, which he, Braine, put into the hands of a justice where the solvent drawer resided for collection; judgment was recovered May 17th 1864 against him, and he appealed. On the 12th of May, Rockwell gave notice to Braine that the note was unpaid, and that he would look to him for payment. Rockwell made no demand on the drawers. Rockwell being offered by the plaintiff as a witness, was objected to as incompetent, because he had neglected to protest the note, and had thereby become liable to the holder. The court (Mercur, P. J.) admitted the witness, which is the only error assigned.

*H. W. Patrick*, for plaintiff in error.—The law implies a promise by an attorney that he will employ skill and care, for failure of which an action lies on the promise: Boorman v. Brown, 3 A.

& E. (N. S.) 511.    His obligation to protest a note is more stringent than bankers', who are liable for failure to protest: Smeades *v.* Bank of Utica, 20 Johns. R. 372 ; Same *v.* McKinney, 11 Wend. 473 · Mechanics' Bank *v.* Merchants' Bank, 5 Met. 13.

*M. H. Case, F. Smith* and *J. Delbitt,* for defendant in error, cited Monongahela Bank *v.* Porter, 2 Watts 141 ; Sherer *v.* Easton Bank, 9 Casey 134 ; Baumgardner *v.* Reeves, 11 Id. 250 ; Lary *v.* Young, 8 Eng. 401 (Ark.) ; 1 Pars. on Notes 586, note *k ;* Cowen & Hill's Notes to Phil. on Ev. 1525–6–7 ; Johns *v.* Harth, 2 Barb. 183 ; McDowell *v.* Simpson, 3 Watts 135 ; Cushman *v.* Adams, 2 Phila. R. 83 ; Dodge *v.* Bache, 3 Am. L. R. (N. S.) 244 ; 1 Phil. Ev. 52 ; Scull *v.* Mason, 7 Wright 99.

The opinion of the court was delivered, May 15th 1866, by
WOODWARD, C. J.—The suit was by the endorsee against the endorser of a promissory note made by T. S. Griswold and Erastus N. Griswold, on the 9th of May 1860, to the order of William Braine, at two years, and endorsed by Braine.

The only bill signed at the trial, and the only error alleged in this court, was to the admission of Delos Rockwell as a witness on the part of the plaintiff in error.    From the examination of the witness on his *voir dire,* it appeared that he was an attorney at law ; that early in May 1862 this note was placed in his hands for collection by Mr. Edwin Spalding, but as the property of A. P. Spalding ; that on the 9th of May 1862 Edwin Spalding introduced him to the endorser, William Braine, at Leonard's store, in Troy ; that at Braine's request the note was delivered to him to take to Union, to deliver to Justice Barber, in order that one of the drawers, the only one who was solvent, might be sued immediately ; that Braine caused the note to be sued on the 10th, and on the 12th of May Rockwell mailed a letter to Braine, informing him that the note had not been paid, and that he (Braine) would be held as endorser.

The objection to the witness was that by neglect to present the note for payment at its maturity, and to have it protested, he had made himself personally responsible for it to the plaintiff, and was therefore incompetent to testify in relief of his own liability.

Two answers to this objection seem to us conclusive.    In the first place, if there was any resultant liability on the part of the witness, it was too remote and contingent to disqualify him.    An attorney may indeed make himself liable to his client for neglect of a professional duty which he has undertaken to perform, but the bare possibility that an action may be brought against him is no objection to his competency.    It is only a fixed vested interest, that disqualifies.    The true test of the interest of a witness

[Braine *v.* Spalding.]

is that he will either gain or lose, as the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. It must be a present, certain and vested interest, and not an interest uncertain, remote or contingent: Greenleaf's Ev., vol. i. § 390. His liability to a like action, if the verdict cannot be given in evidence for or against him, is an interest in the question only, and does not exclude him. Where the interest arises from a liability over it must be direct and immediate to the party calling him, and must result out of either an express or implied obligation to indemnify him.

Now an attorney employed to collect a note by an agent of the owner is bound to use reasonable skill and diligence, and for want of these would be liable to the owner of the paper, but there is no obligation of indemnity. His liability sounds in tort and is remote and contingent. If it be a part of his professional duty to see to the protest of paper that matures in his hands, and he neglects this duty, still he has no such direct and immediate interest in a suit against the endorser as disqualifies him, however it may affect his credibility.

But in the next place, the endorser in this instance waived all necessity of a presentation and protest of the paper, by taking it into his own possession and undertaking the collection of it himself. He had full notice that demand was made of the only solvent drawer, for he instituted suit against him the very day after the note fell due, and he knew the money was not paid. How could he expect the attorney to protest paper of which he had the possession, and what motive was there for a protest when the endorser had informed himself of the only facts of which a protest would have given him notice?

If the witness was or could be liable even to his client for neglect of professional duty, this endorser had estopped himself from alleging such liability by his officious interference with the ordinary course of business. As to him the attorney was relieved from the duties which he had assumed, and therefore the defendant cannot set up these duties as grounds of exclusion.

The judgment is affirmed.