## The Gettysburg National Bank *versus* Kuhns.

1. A check was drawn by a United States paymaster in favor of the cashier of a bank, was received by the bank and the money collected by him. It was shown that the check was for a soldier's bounty and had been forwarded to a third person. *Held,* that the bank was not liable merely on these facts.

2. A check of itself is not evidence of a debt or loan.

3. The presumption is that a check is taken in payment of a debt, or that cash was given for it when received.

[Gettysburg National Bank v. Kuhns.]

4. Proof of payment of a check to the payee or holder raises no presumption that the money was an advance by the drawer or received to his use.

5. Drafts or checks in favor of banks, and held by them, are presumed to have been received on deposit as cash from customers, and not deposited for collection merely, without evidence of the fact.

May 7th 1869.   Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.   READ, J., absent.

Error to the Court of Common Pleas of *Adams county :* No. 62, to May Term 1869.

This was an action of debt, commenced November 6th 1867 by John Kuhns against The Gettysburg National Bank.   The plaintiff's statement was for money alleged to have been received by the defendant from the United States, which was the plaintiff's.

The plaintiff having a claim for bounty-money, signed, with others, the following order, which was forwarded to the paymaster-general of the United States by Theodore C. Norris, who had been captain of the company in which the plaintiff served :

" Gettysburg, Pa., Sept. 18th 1865.

" Paymaster-general U. S. A. is hereby authorized to transfer to the Gettysburg National Bank, Gettysburg, Pa., the amount of local bounty due us, retained by Lieut. Wm. F. Arnold, U. S. disbursing officer at Harrisburg, Pa., which money has not been paid to us, but has been forwarded to the department at Washington, D. C."

Subsequently, Major Lawler, of the paymaster's department, in payment of the plaintiff's claim, enclosed the following check to Captain Norris, and sent it to him by mail :

" No. 1852.          Washington, D. C., Dec. 4th 1865.
          " Assistant Treasurer of the U. S., New York.
" Pay to cashier Gettysburg National Bank, or order, four hundred ninety-nine & 95-100 dollars.
" $499$\frac{95}{100}$.          J. A. LAWLER,
          " Paymaster U. S. A."

Captain Norris was a witness for the plaintiff, but was not examined as to whether he received the check or not.   The plaintiff gave in evidence a certified copy of the check endorsed by T. D. Carson, cashier of the defendant, to B. B. Comegys, cashier, &c., and " Paid Jan. 4th 1866," the original check being on file in the office of the assistant treasurer of the United States at New York.

There was no evidence showing who presented or deposited the check at the Gettysburg Bank.   It was admitted that the plaintiff demanded the money from the defendant before bringing suit. Plaintiff having closed, the defendant offered to prove by J. E. Bair, who was the cashier of the bank, " that with his knowledge of

banking, he would regard it as the custom of banks to pay checks or drafts, of the above form, to the bearer or person presenting them, where there is no order to whose credit to place the money; that it could not be taken by the bank without giving an equivalent for it, or without specific directions to whose credit to place it, and that, in the absence of such directions, it is the custom to pay to the person presenting it; that the books of the bank show that the money was thus paid out on the draft above referred to, and that it is not on deposit in the bank." The offer was objected to by the plaintiff, rejected and bill of exceptions sealed.

The plaintiff submitted these points:—

"1. If the jury believe that the check, &c., was for bounty-money due the plaintiff, and was paid to T. D. Carson, the cashier of said bank, or to his endorsee, and that demand was made by the plaintiff on the bank before bringing this suit, the plaintiff is entitled to a verdict for the amount of said check and interest from the date of such demand.

"2. If the check, &c., was drawn by Colonel J. A. Lawler for money due to the plaintiff, and paid to T. D. Carson, cashier of the Gettysburg National Bank, or to his endorsee, the said bank became liable to account to said plaintiff for that amount of money received for his use, and if plaintiff made a demand upon the bank for said money before bringing his suit, he is entitled to recover, in absence of evidence showing that the money has been paid."

The court (Fisher, J.) affirmed these points.

The defendant submitted the following points:—

"1. In the absence of notice to the defendant that the draft or check given in evidence was the property of plaintiff, and was to be collected for his use and placed to his credit in the Gettysburg National Bank, the defendant could legally pay the value of said draft to the holder thereof, and would not be liable to plaintiff for any mispayment."

The court answered:—

"The court cannot answer this point in the affirmative. If the bank had the check in question sent or presented to them and was credited with it by the party to whom they endorsed it, it was their duty to inquire into the ownership, and if they paid it to the holder, if he was not the legal owner of the money, it was a mispayment, and cannot be set up as a defence in this suit."

"2. The draft or check in evidence was the property of the bearer presenting it to the Gettysburg National Bank, and the plaintiff cannot recover the amount thereof unless he has satisfied the jury that the bank had notice that it was the property of him, the said plaintiff.

"3. The presumption of law is that the draft or check in evidence was collected for and paid to the person presenting it to the bank, and therefore plaintiff cannot recover unless he satisfies the jury

⌊Gettysburg National Bank *v.* Kuhns.⌋

that the bank had notice, at or before the time the same was presented, that it was his property."

These points were denied.

The verdict was for the plaintiff for $544.85.

The defendants removed the case to the Supreme Court, and, in several specifications, assigned the answers of the court for error.

*D. Wills,* for plaintiffs in error.—There being no fraud, the bank, having taken the check without knowledge of its ownership, acquired title: Byles on Bills 120 and note *b;* Story on Notes, §§ 195, 197 and notes; Story on Bills, §§ 415, 416.

*R. G. McCreary,* for defendant in error.

The opinion of the court was delivered, July 6th 1869, by

SHARSWOOD, J.—The 2d and 3d assignments of error having been withdrawn from our consideration by the counsel for the plaintiff in the argument at the bar, all the questions arising on this record are resolvable into one, namely, whether any evidence was given on the trial in the court below to charge the defendants, the Gettysburg National Bank, with the receipt of money for the use of the plaintiff, John Kuhns.

It was in proof that a check or draft was drawn by Colonel Lawler, as paymaster of the United States, in favor of the bank by the order of Kuhns and for his use. It was not, however, transmitted by Colonel Lawler to the bank for Kuhns, but to Captain Norris. Though Captain Norris was examined as a witness, there was no testimony by him, either denying the receipt or explaining what he had done with it, if he did receive it. It was insisted that the bank should be held liable merely on the evidence that the check was drawn in favor of their cashier and the money received by him. So the learned judge below held, and instructed the jury accordingly in his answers to the several points presented by the plaintiff and the defendants. In this we think there was error.

It is well settled that a check of itself is not evidence of a debt, or loan of money. The presumption is that it was taken either in payment of a debt or that cash was given for it at the time it was received: Aubert *v.* Walsh, 4 Taunt. 293; Patton *v.* Ash, 7 S. & R. 125; Flemming's Exrs. *v.* McClain, 1 Harris 177; Lancaster Bank *v.* Woodward, 6 Id. 357. Proof of the payment of a check to the payee or holder, raises no presumption that the money so paid was an advance by the drawer or received to his use. In Geatorex's Exrs. *v.* Gerrish, 4 Esp. 9, where a draft was given by a testator on his bankers payable to the defendant, and it was proved by the bankers that the money was paid to the defendant out of the money of the testator then in their hands, it

was ruled to be no evidence of a debt. This case is cited with approbation in Flemming *v.* McClain, 1 Harris 178, and it is in effect the same as that now before us. The money in the United States treasury at New York may be considered as the money of the plaintiff, John Kuhns, and the draft of Colonel Lawler, drawn by his (Kuhns's) order, was, in effect, his draft. Had this been John Kuhns's own check in favor of the Gettysburg National Bank, then this would have been the identical case decided by Lord Kenyon in 4 Esp. Rep. 9. It certainly can make no difference that it was a draft drawn by a third person by the order and for the money of the plaintiff. Drafts or checks held by banks, drawn in their own favor, are primâ facie presumed to have been received by them on deposit as cash from their customers, and not to have been deposited for collection merely, unless some evidence be adduced to show that fact. That a check was taken as cash, it may well be impossible for a bank, in the multiplicity of its transactions, to trace and prove. It would be credited in the depositor's account simply as so much money, and no entry necessarily made in any other book to show from whom it was received. As it was drawn in favor of the cashier of the bank, the endorsement of the depositor would not be required. It is not a good argument, therefore, to say that if the bank gave value for this check, it was incumbent on them to prove it. The presumption resting on the usual course of transactions of this nature was in their favor, and *stabit præsumptio donec probetur in contrarium.* It was incumbent on the plaintiff below—the *onus* was upon him—it was the exigency of the count for money had and received in his declaration—to show that the money was received by the bank to his use, and this he failed to do by merely proving the check or draft, and the receipt of the amount of it by the bank.

Judgment reversed, and *venire facias de novo* awarded.