## Mrs. Annie Ritchie *v.* The Deposit & Trust Company of Pittsburg, Administrator of Joseph C. Euwer, deceased, Appellant.

*Check—Presumption—Evidence.*

The mere possession of a check by one to whose order it is drawn is presumptive evidence that it was given in payment of a debt, or for cash received at the time.

*Check—Consideration—Question for jury.*

In an action against an administrator on a check given by the decedent in his lifetime to the order of the plaintiff, the case is for the jury where it appears that the check continuously remained in the possession of the plaintiff, and there is considerable proof of a consideration of boarding, nursing and attendance on a number of occasions. In such a case the jury may be properly instructed that if they find there was only a partial consideration they may return a verdict to that extent only.

Argued Nov. 7, 1898. Appeal, No. 100, Oct. T., 1898, by defendant, from judgment of C. P. No. 3, Allegheny County, Feb. T., 1897, No. 640, on verdict for plaintiff. Before Green, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Assumpsit on a check.

At the trial it appeared that the check in suit was dated November 4, 1893, and was drawn to the order of the plaintiff for

the sum of $2,500. The decedent died on November 11, 1895. The check was never presented for payment at the bank, but continuously remained in plaintiff's possession. The evidence tended to show that the decedent at times gave himself up to prolonged intoxication, and at such times went to plaintiff's house where he was boarded, nursed and attended until he recovered.

Plaintiff offered the check in evidence.

Defendant objected because it had been revoked by the death of Mr. Euwer, the decedent, and under the rulings of the Supreme Court, the check is not competent without showing the consideration. It is further objected to because it has not been preceded by proof showing a consideration—showing that there was that much money due at the time the check was given ; that it is incumbent on the plaintiff to show that he boarded, or was taken care of by Mrs. Ritchie for so long a time, and that so much money was earned and was really due and owing, and that the proof up to this time is wholly insufficient to permit it being offered in evidence, and the failure to present said check for payment is evidence that nothing was claimed under that check in his lifetime.

By the Court: Objection overruled. Exception and bill sealed. [1]

The court charged in part as follows:

[This action is for the recovery of the amount of a certain check given by the decedent, Jos. C. Euwer, in his lifetime, to the plaintiff, for the sum of $2,500. The check is dated November 4, 1893, and this action is against the administrator. The plaintiff asks, at your hands, for a verdict for the amount of the check, with interest from its date, namely, November 4, 1893. The plaintiff has produced the check, it having been in her possession since it was given. The possession of the check, and the giving of the check presumes an indebtedness on the part of the giver to the person to whom it is given. But, in addition to that, we have testimony here which shows what the consideration of this check was, what it was for, namely, boarding, attention and services rendered by the plaintiff to the decedent, Mr. Euwer.] [8] And we have the testimony on behalf of the plaintiff, showing the time and circumstances under

which it was given, and the statement made by Mr. Euwer at the time it was given. I refer to the testimony of this young nephew of the plaintiff, Mr. Day, who says he was present in the house of Mrs. Ritchie at the time Mr. Euwer gave her this check. He says that Mr. Euwer stated at the time that he had never paid her anything for the services mentioned, and that he proposed to do so now, and gave her the check. We have testimony of witnesses produced by the defense themselves, that shows that the decedent did stay or board for months at the house of the plaintiff. One of the witnesses said he was there in the year 1893 as much as seven months, according to his recollections; and another witness that he was there some five or six months, at any rate, in the years 1892 and 1893. So that we have not only the giving of the check and the statement of Mr. Euwer at the time of its giving, as to what the consideration was, but the possession of the check by the plaintiff, down to the time of the bringing of this suit, and she asks for a verdict at your hands for the amount of the check, with interest to the present time.

Now, as I have stated, the giving of the check, and its possession by plaintiff, presumes that it was given for an indebtedness. But we have, in addition to that, the testimony of the witnesses, not only on behalf of the plaintiff herself, but the witnesses produced by the defense, showing good consideration for that check. We have no direct testimony on behalf of the defense showing a failure of consideration. [It is claimed, however, by the counsel for the defense, that there is only service shown for a short time, not sufficient to make up the amount of this check, and he argues that you should not allow the full amount of the check, because there was not consideration shown for the full amount. As I have stated, the testimony does tend to show a good consideration for the check, and the defense does not show to what extent there was a failure of consideration. They have not produced any testimony to show you to what extent there was a failure. They have not shown what the balance is, for which they claim there was a failure of consideration. In the absence of that the plaintiff would be entitled to your verdict for the whole amount.] [9] You will consider the whole testimony, and if you are satisfied that the check was given and received by the plaintiff under the cir-

cumstances as stated by her, and the consideration was as stated, you will find a verdict for the plaintiff for the amount of the check, with interest.

If there was a failure of consideration for the giving of the check, then you will find a verdict for the defendant. If you will find that there was a failure for any portion of the check, a failure of consideration, to that extent you will allow the defense a credit, or if there was an entire failure of consideration, you will find a verdict for the defendant.

Verdict and judgment for plaintiff for $3,159.16. Defendant appealed.

*Errors assigned* were (1) admission of check in evidence; · (8–9) portions of charge as above, quoting them.

*N. W. Shafer*, for appellant.—A check of itself is not evidence of a debt: Flemming v. McClain, 13 Pa. 178; Gilpin's App., 171 Pa. 60; Lancaster Bank v. Woodward, 18 Pa. 357.

*James T. Buchanan*, for appellee, was not heard, but cited in his printed brief: Aubert v. Walsh, 4 Taunton, 293; Patton v. Ash, 7 S. & R. 116; Baker v. Williamson, 4 Pa. 469; Flemming's Ex. v. McClain, 13 Pa. 177; Masser v. Bowen, 29 Pa. 128; Huntzinger v. Jones, 60 Pa. 120; Gettysburg Nat. Bank v. Kuhns, 62 Pa. 88; Lowrey v. Robinson, 141 Pa. 189.

PER CURIAM, January 3, 1899:

The mere possession of the check by the plaintiff, to whose order it was drawn, was presumptive evidence that it was given in payment of a debt, or was given for cash received for it at the time: Gettysburg National Bank v. Kuhns, 62 Pa. 88; Lowrey v. Robinson, 141 Pa. 189, and many other cases. In addition to this presumption there was considerable proof of a consideration of boarding, nursing and attendance on a number of occasions. The learned court below left it to the jury to say whether the check was given in the circumstances claimed by the plaintiff and for a consideration, or whether it was given without any consideration or for a partial consideration, charging that if it was given without any consideration they should find a verdict for the defendant, and if for a partial consider-

ation they should find a verdict to that extent only. This was all the defendant could possibly ask, and clearly was not error. The case was necessarily for the jury. The assignments of error are all dismissed.

Judgment affirmed.