## Yeager's Estate.

*Evidence—Witness—Party dead—Cross-examination.*

Where an administrator has been cross-examined as to his accounts and writings showing business relations with the deceased, he may testify in his own behalf as to his transactions between himself and the decedent in the latter's lifetime.

*Auditor—Findings of facts—Gift.*

An auditor's findings of facts relating to a gift if based on sufficient evidence and confirmed by the orphans' court, will not be reversed in the absence of manifest error.

Argued May 16, 1906. Appeal, No. 77, April T., 1906, by Margaret Miller, from decree of O. C. Mercer Co., Oct. T., 1903, No. 10, dismissing exceptions to auditor's report in Estate of Sarah E. Yeager, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to report of James D. Emery, Esq., auditor. Before WILLIAMS, P. J.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were to various findings of law.

*S. H. Miller*, with him *J. G. White*, for appellant, cited : Shaw v. Levy, 17 S. & R. 99 ; Kidder v. Kidder, 33 Pa. 268 ; Campbell's Estate, 7 Pa. 100 ; Zimmerman v. Streeper, 75 Pa. 147.

*S. S. Mehard*, with him *A. H. McElrath*, for appellee, cited: Corson's Est., 137 Pa. 160; Boyd v. Conshohocken Worsted Mills, 149 Pa. 363 ; Watkins v. Hughes, 206 Pa. 526 ; Ritchie v. Deposit & Trust Co., 189 Pa. 410; Lowrey v. Robinson, 141 Pa. 189; Gettysburg National Bank v. Kuhns, 62 Pa. 88 ; Huntzinger v. Jones, 60 Pa. 170; Masser v. Bowen, 29 Pa. 129; Flemming v. McClain, 13 Pa. 177 ; Patton v. Ash, 7 S. & R. 116.

OPINION BY MORRISON, J., June 30, 1906 :

This is an appeal, by Margaret Miller, a daughter of the decedent, and exceptant below, from the final decree of the

orphans' court of Mercer county upon the account of Dr. M. G. Yeager, administrator of the estate of Sarah E. Yeager, deceased.

The able and fair presentation of the disputed questions by the learned counsel for the appellant and appellee enables us to get a fair grasp of the facts upon which the controversy arises, without difficulty. The counsel for the appellee has concisely stated the errors of which the learned counsel for the appellant complains as follows, to wit: "1. Was the accountant made competent to testify on his own behalf to transactions with the decedent in her lifetime, through his cross-examination on behalf of the exceptant? 2. Were accountant's sisters competent witnesses for him? 3. Was there manifest error in the findings of the auditor approved by the court?"

It is conceded that the accountant was not competent to testify in his own behalf to transactions with his mother in her lifetime, unless made so by his cross-examination on the part of the exceptant. The solution of this question depends upon the Act of May 23, 1887, sec. 7, P. L. 158, to wit: "In any civil proceeding whether or not it be brought or defended by a person representing the interests of a deceased or lunatic assignor of any thing or contract in action, a party to the record or a person for whose immediate benefit such proceeding is prosecuted or defended, or any other person whose interest is adverse to the party calling him as a witness, may be compelled by the adverse party to testify as if under cross-examination, subject to the rules of evidence applicable to witnesses under cross-examination, and the adverse party calling such witnesses shall not be concluded by his testimony, but such person so cross-examined shall become thereby a fully competent witness for the other party as to all relevant matters, whether or not these matters were touched upon in cross-examination."

The examination of the accountant was as follows: He was called, sworn and cross-examined on behalf of the exceptant as follows: "Q. Have you books of account, or other writings, showing your business transactions with and for your mother, relating to the collection of rents and moneys realized from the sale of real estate, and the disbursements of the same, since the date of the death of your father, or covering any portion of said period, or including any part or parts of the money collected

and disbursed as rents or purchase money as aforesaid? A. I have papers and receipts to cover a part of the amount, and other evidence to cover the balance. Q. Will you produce such accounts, books, etc., as are in your possession, to the auditor for inspection? A. Gladly. Adjourned until Friday, March 4, 1904. And now, March 4, 1904, hearing resumed. Doctor M. G. Yeager recalled. By Mr. White: Q. These papers (the checks, etc., delivered to the auditor) are all the papers and accounts that you have relating to my preliminary question in this case? A. They are all the written papers I have."

The learned counsel for the appellant argues that the foregoing cross-examination of the accountant was only such as was permitted under the common law, and that it did not entitle the accountant to testify in his own behalf as to transactions between himself and his mother in her lifetime. The case of Shaw v. Levy, 17 S. & R. 99, is relied on to support this contention, but that and kindred cases only go to the proposition that "a party to a cause, sworn on his voir dire, to his book of original entries, cannot be examined generally by the opposite party, without his consent, but can only be examined to show it was not his book of original entries, or that the entries were not made at the time." But the cross-examination of the accountant in this case does not relate to books of original entry. There were no books of original entries. We think the questions and answers were much broader than an inquiry with a view to putting a certain book or paper in evidence. Our conclusion is that the examination made the accountant competent, in his own behalf, under section 7 above quoted, and the following cases: Corson's Estate, 137 Pa. 160; Boyd v. Conshohocken Worsted Mills, 149 Pa. 363; Watkins v. Hughes, 206 Pa. 526. As to the second question, we are clearly of the opinion that the sisters of the accountant were competent witnesses for him. The appellant, another sister, testified generally in the case and so did the other sisters, and we can see no merit in the contention that any of these sisters were not competent witnesses for the accountant.

As to the last question, we do not discover anything in the evidence, arguments and authorities cited, requiring us to reverse the findings and conclusions of the learned auditor, which

202, (1906).] Opinion of the Court.

were approved by the court. While the questions involved in the answer to this inquiry are rather close, and while it may be that the fact as to the gift of $1,000 might have been found against the accountant, yet we cannot say that there was a lack of sufficient competent evidence to sustain the findings of the auditor. He saw and heard the witnesses and was, probably, well acquainted with all of the parties and the circumstances disclosed by the evidence, and we are not prepared to say that there is clear or manifest error in his conclusions of fact. In our opinion, the testimony of the accountant and two of his sisters is sufficient to sustain the finding that the decedent gave $1,000 to the accountant to buy a home for himself. As to the $400 and the $35.00 checks, we do not think, under all of the evidence, that they raise a presumption of indebtedness from the accountant to his mother: Ritchie v. Deposit and Trust Co., 189 Pa. 410; Lowrey v. Robinson, 141 Pa. 189; Gettysburg National Bank v. Kuhns, 62 Pa. 88.

We do not discover any reversible error in the conclusions of law and the decree.

The appeal is dismissed at the costs of the appellant and the decree is affirmed.