## City Trust & Savings Bank *v.* Schwartz, Appellant.

*Banks and banking—Checks—Affidavit of defense—Consideration— Fraud.*

1. In an action by a bank, the indorsee of a check, against the maker of the check, where the statement avers that the check was indorsed by the payee and presented by him for payment and paid to him, an affidavit of defense is insufficient which avers that the check was not indorsed by the payee but by another person, but does not deny that the check was presented by the payee and paid to him.

2. In such a case the affidavit of defense is also insufficient wherein it avers that the check was obtained by the payee by false representations as to his financial condition, and that the plaintiff was familiar with the payee's financial condition, if it fails to show the consideration for the check, or that it represented a loan, and not a payment of a debt.

3. The giving of a check does not raise the presumption of a debt ow-

ing by the payee to the drawer, or of a loan by the latter to the former; the presumption is that it was given in payment of a debt or for money received at the time.

Argued Dec. 11, 1913.   Appeal, No. 166, Oct. T., 1913, by defendants, from order of C. P. No. 1, Phila. Co., June T., 1913, No. 551, making absolute rule for judgment for want of a sufficient affidavit of defense in case of City Trust & Savings Bank v. Charles Schwartz and Samuel Strauss, trading as Schwartz, Strauss & Company.   Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Assumpsit by the indorsee of a check against the maker.

The material portions of the statement of claim were as follows:

3. The defendants on April 24, 1913, drew their check on the Northern National Bank, Philadelphia, for the payment of $492.33 to the order of one J. A. Bauman, a copy of which check is attached hereto. The defendants thereupon caused the said check to be delivered to the said J. A. Bauman, who was a resident of the said city of Grand Rapids, Michigan, and who received the same.

4. The said J. A. Bauman after receiving the said check presented the same to the plaintiff at its banking house at Grand Rapids, Michigan, on April 26, 1913, and requested the plaintiff to pay to him the amount of the same, which request the plaintiff complied with, and the plaintiff then and there paid in cash to the said J. A. Bauman the amount of the said check, viz.: $492.33, and he indorsed and delivered the said check to the plaintiff.

5. The plaintiff caused the said check to be duly presented for payment, but payment was refused by the drawee on April 29, 1913, on the ground that payment thereof had been stopped.   The said check was

on April 29, 1913, duly protested at the cost of $2 paid by plaintiff.

The affidavit of defense admitted the averments of paragraphs 1, 2, 3 and 5 of the statement, and averred as follows:

As to the allegations in paragraph 4 of the plaintiff's statement, the defendants aver that the said check sued upon was obtained by the said J. A. Bauman, to whose order it was drawn, by false and fraudulent statements as to his financial standing, on the faith of which the said check was given.

And the defendants aver that on April 17, 1913, Samuel Strauss, one of the defendants, had a personal interview at Grand Rapids, with the said J. A. Bauman, and the said J. A. Bauman then and there stated that he was in sound financial condition, that his business had never been in better shape, and that he had ample assets to meet all demands and was solvent. Relying on the truthfulness of these representations, the defendants gave the check in suit, dated April 24, 1913, which the said J. A. Bauman received on April 26. On Monday, April 28, the said J. A. Bauman failed and his business place was closed and a few days thereafter a petition in bankruptcy was filed against him. And deponent avers that the statements made by the said J. A. Bauman, as hereinbefore set forth, were false in that he was not in sound financial condition, that he did not have sufficient assets to meet his liabilities and that he was not solvent, and aver that in fact, the said J. A. Bauman, at the time he made the statements aforesaid, owed debts to the amount of about $20,000 and had little if any assets, and was owing in rent about $500, which was a preferred claim, and practically absorbed all his assets.

And the defendants further aver that the said check was not indorsed by the said J. A. Bauman, to whose order it was drawn, but that one Edward Bauman, without authority from the said J. A. Bauman, wrote on the

648   CITY TRUST & S. BK. *v.* SCHWARTZ, Appellant.

Statement of Facts—Opinion of the Court.   [56 Pa. Superior Ct.

said check the name of J. A. Bauman, and the said bank wrongfully, and in fraud of the defendants' rights, took the said check thus indorsed, without the order or authority of the said payee.

That the said plaintiff was familiar with the failing condition of the said J. A. Bauman at the time the said check was taken by him, and the said J. A. Bauman was largely indebted to him at the time.

The defendants aver that the said plaintiff is not a bona fide holder of the said check, and is not entitled to recover on the same in this suit.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Samuel W. Cooper*, for appellants, cited: Schultheis v. Sellars, 223 Pa. 513; Long v. Long, 208 Pa. 368; Second Nat. Bank v. Hoffman, 229 Pa. 429.

*Harry T. Dechert*, with him *Charles C. Norris, Jr.*, for appellee.—The defendants have not chosen to aver the contract or consideration on which they "gave" the check, and the court will not aid them by drawing inferences as to their act: Myers v. Kipp, 20 Pa. Superior Ct. 311; Class v. Kingsley, 142 Pa. 636; Comly v. Simpson, 6 Pa. Superior Ct. 12; Galena Mining & S. Co. v. Frazier, 20 Pa. Superior Ct. 394; Kyler v. Christman, 23 Pa. Superior Ct. 548; Caven-Williamson Ammonia Co. v. Ice Mfg. Co., 27 Pa. Superior Ct. 381.

The defendants have not otherwise alleged a defense: Second Nat. Bank v. Morgan, 165 Pa. 199; Phelan v. Moss, 67 Pa. 59; Jones v. Lewis, 148 Pa. 234; Central Typesetting Co. v. Ober, 36 Pa. Superior Ct. 291; Merchants' Bank v. State Bank, 77 U. S. 604.

OPINION BY RICE, P. J., April 20, 1914:

This was an action of assumpsit by the indorsee against the maker of a check to recover the amount.

The case is before us by appeal from judgment for want of a sufficient affidavit of defense.

The plaintiff alleged in its statement of claim, inter alia, that the defendants drew their check on a Philadelphia bank for the payment of $492.33 to the order of one J. A. Bauman and caused it to be delivered to him; that two days later Bauman presented the check to the plaintiff at its banking house and requested the plaintiff to pay him the amount of the same, which request the plaintiff complied with by paying "in cash to the said J. A. Bauman the amount of the said check, viz: $492.33, and he endorsed and delivered the said check to the plaintiff;" that the plaintiff caused the check to be duly presented to the drawee, and upon payment being refused, to be duly protested. All of these allegations, excepting as to the indorsement of the check by J. A. Bauman, were expressly admitted in the affidavit of defense. As to that the defendants averred "that the said check was not endorsed by the said J. A. Bauman, to whose order it was drawn, but that one Edward Bauman, without authority from the said J. A. Bauman, wrote on the said check the name of J. A. Bauman, and the said bank wrongfully, and in fraud of the defendant's rights, took the said check thus endorsed, without the order or authority of the said payee." The fact that Edward Bauman, without authority from J. A. Bauman, wrote the latter's name upon it must be taken for verity. But inasmuch as they are not denied, either specifically or by necessary implication, the allegations of the statement that J. A. Bauman presented and delivered the check to the plaintiff with his name indorsed on it, and that at his request, the plaintiff paid him the money, must also be taken as admitted. There was therefore a ratification of the unauthorized act of Edward Bauman, and this being so, the fact that the name of the payee was not written by him but by Edward Bauman, does not support the allegation that the plaintiff, "wrongfully and in fraud

of defendants' rights" took the check or the allegation that the plaintiff is not a bona fide holder.

The other ground of defense set up in the affidavit, is, in substance, that the check was obtained by Bauman by false and fraudulent representations as to his financial standing, that the defendants gave the check relying on the truthfulness of these representations and that the plaintiff was familiar with Bauman's failing condition at the time it cashed the check. The representations and their falsity are set out with particularity in the affidavit. But it is not perceived what materiality the averment of the plaintiff's knowledge of Bauman's failing and insolvent condition has, especially in the absence of an averment that the plaintiff took the check with knowledge of the false representations he is alleged to have made to the defendants. Nor is it apparent that the averments that the defendants gave the check relying upon the truthfulness of Bauman's representations as to his financial condition, and that these representations were false, constitute a defense against the holder, in the absence of averment as to the consideration for the check. The giving of a check does not raise the presumption of a debt owing by the payee to the drawer, or of a loan by the latter to the former; the presumption is that it was given in payment of a debt or for money received at the time: Gettysburg National Bank v. Kuhns, 62 Pa. 88; Lowrey v. Robinson, 141 Pa. 189; Yeager's Estate, 31 Pa. Superior Ct. 202. A mere reference to this well-settled principle is sufficient to distinguish the case from Eliel v. Chamberlain, 48 Pa. Superior Ct. 610, which was an action by the indorsee against the maker of a promissory note. If the check in suit was given as a loan by the defendants to the payee these representations would be material, and doubtless they would be under other special circumstances. But if it was given in payment of a debt or for money received at the time, they would not be material. Hence the importance of setting forth the

consideration at the foundation of the transaction. While technical precision in an affidavit of defense is not indispensable, yet, it is well settled, the affidavit must be complete and explicit in setting forth the facts constituting the essential elements of a valid defense, legal or equitable, and their omission cannot be supplied by possible inferences from facts not stated: Class v. Kingsley, 142 Pa. 636; Myers v. Kipp, 20 Pa. Superior Ct. 311. It is apparent from what has been said that, in order to show the relevancy and materiality of the false representation, the consideration for which the check was given should have been alleged, and not left to surmise. If it was given under circumstances and upon a consideration which made the representations material and relevant, the facts constituting this vital element of the defense, could and presumably would have been stated. As they were not the court was right in adjudging the affidavit to be insufficient.

The judgment is affirmed.