Shobert *v.* Brookville Bank and Trust Company,
Appellant.

Argued April 14, 1938.

Before

KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*John W. Conrad,* for appellant.

*Vincent M. Casey,* for appellee.

OPINION BY PARKER, J., July 15, 1938:

In this action in assumpsit E. G. Shobert sought to recover from Minnie B. Richards the consideration for the conveyance by deed of a tract of twenty acres situated in Jefferson County, which deed reserved the oil and gas in and under said premises. The issues raised were submitted to a jury which rendered a verdict for the plaintiff for the amount of his claim and judgment was entered on the verdict. The defendant has appealed, raising questions as to rulings of the trial court on the competency of a witness, rulings on the admissibility of evidence, and the sufficiency of the charge of the court.

It is of importance in an understanding of the questions raised to refer to the pleadings that we may know the precise issue raised by those pleadings and the ultimate issue to be determined. The statement of claim alleged that pursuant to preliminary negotiations Shobert agreed to sell the land described in the deed and Mrs. Richards agreed to purchase the same for a consideration of $1,000; that plaintiff and his wife delivered to her a general warranty deed for the premises; that she accepted the deed and gave plaintiff two checks

on Brookville banks for $500 each in payment of the consideration; that before the checks were cashed defendant stopped payment thereof and plaintiff has been unable to collect the amount thereof; and that although plaintiff has demanded of defendant the payment of the consideration of $1,000, she has refused to pay. Mrs. Richards filed an affidavit of defense, the effect of which was to admit that she had received and accepted the deed for the premises and that she had delivered the checks for the consideration as alleged in the statement. She then, by way of new matter, set up a two-fold defense. She first alleged that the plaintiff had agreed to convey the premises in question free of encumbrances; that on the day following the delivery of the checks she learned that the plaintiff was not the owner of the oil and gas in and under said premises; and that she thereupon demanded return of her checks and when they were not returned stopped payment thereof. She also alleged that on the day the deed and checks were delivered and on the day following, she was "so feeble both physically and mentally as to not be responsible for her acts, and was unable to take care of her property, or to transact business to such an extent as not to have contractual capacity, and in consequence thereof was liable to dissipate or lose the same, and to become the victim of designing and scheming persons."

Subsequent to the filing of the affidavit of defense and before the case came for trial, the defendant died and her administrator, the Brookville Bank and Trust Company, was substituted as defendant.

The plaintiff, on the trial of the case, offered in evidence such parts of the pleadings as were necessary to make out a prima facie case, that is to say it was shown by the undenied averments of the statement of claim that preliminary negotiations were had for the purchase of the land; that a deed was delivered to Mrs. Richards and was received and accepted by her; that in considera-

tion thereof she gave to the plaintiff checks aggregating $1,000; and that she subsequently stopped payment thereof and refused on demand to pay the consideration of $1,000. These offers made out a prima facie case and it was then incumbent upon the defendant to establish the affirmative defense; otherwise, the plaintiff would have been entitled to binding instructions.

The plaintiff, not content with offering the pleadings in evidence, called as a witness in support of his claim J. S. Butler, a real estate agent who took part in the negotiations and consummation of the alleged sale. The appellant contended, and now contends, that Butler was not a competent witness since Mrs. Richards had died prior to the trial. Before the witness was allowed to testify the trial judge permitted counsel for defendant to examine the witness for the purpose of testing his competency. After such examination the witness was permitted to testify over the objection of defendant and subject to an exception.

The defendant offered no evidence in support of the affirmative defense set up in the pleadings. In fact, the only witness called by the defendant was called for the purpose of attacking the credibility of the witness Butler.

By the preliminary examination it was shown that Butler was a real estate broker; that he was employed by plaintiff to make the sale; that he was to receive as a commission such sum as he secured in excess of $1,000; and that Butler presented the proposition to Mrs. Richards. While the negotiations for a sale were under way Mrs. Shobert, the wife of plaintiff, told Mrs. Richards, the defendant, that they, Mr. and Mrs. Shobert, would take $1,000 for the property, she having forgotten that Butler was to be paid a commission in the amount he received in excess of $1,000. This complication having arisen Butler and Mrs. Richards agreed that he "would accept a few acres of land north

of the public highway that cuts across through this property, five or six acres of land I would take as my commission and she agreed to that." Butler also testified that after the dispute arose the plaintiff made Butler a promise. We quote his testimony on that subject: "Q. What was that promise? A. He would give me $25 when he received the money for the sale of the place, that wasn't any agreement, he came and told me that without my asking for it. Q. You had no agreement with Shobert whereby he was legally bound to pay you $25? No sir."

Appellant contends that these admissions showed such an interest in the outcome of the suit as to make Butler an incompetent witness under section 5, cl. [e], of the Act of May 23, 1887, P. L. 158 (28 PS §322).

The mere fact that Butler had been an agent for the plaintiff did not disqualify him as a witness: *Sargeant v. Nat. Life Ins. Co.*, 189 Pa. 341, 41 A. 351; *Dillon's Estate*, 269 Pa. 234, 111 A. 919. We are likewise of the opinion that the promise of the plaintiff to pay Butler $25 did not disqualify him. The defendant proved by the witness in a preliminary examination that he had no enforceable contract and that plaintiff was not legally bound to pay Butler anything. This fact was developed by defendant, was not contradicted, and was therefore binding on the defendant. Butler would not be affected by the recovery of a judgment against defendant in relation to the payment of the $25 as he had no legally enforceable claim against plaintiff. This testimony therefore affected only his credibility and not his competency.

This leaves for consideration the effect of the statement that Mrs. Richards agreed to give Butler some land to compensate him for his failure to get any commission. In the first place it is clear from Butler's testimony that he gave up any right to receive a commission from Shobert. He not only so stated, but he

testified that he was in any event only to receive such sum as he was able to get for the land over and above $1,000. He consented to the sale for that sum and thereby surrendered any right which he had to compensation from plaintiff.

In the next place, there was no binding contract on the part of Mrs. Richards to compensate Butler. Butler testified that Mrs. Richards said she would give him a few, five or six, acres of land north of the public highway, without definitely fixing the amount of the land or its location. In addition, if there had been a promise for a valuable consideration to convey a definite amount of land, it was not an enforceable contract as the Statute of Frauds requires such a contract to be in writing: *Gratz v. Gratz*, 4 Rawle 411; *Goucher v. Martin*, 9 Watts 106; *Meason v. Kaine*, 63 Pa. 335; *McKnight v. Bell*, 135 Pa. 358, 19 A. 1036. It is not contended that the contract was partly executed nor were other facts shown which would take the agreement out of the statute. His right to recover from Mrs. Richards or her estate was not dependent on the adjudication of the rights and responsibilities of plaintiff and defendant as to each other.

We are of the opinion that Butler did not have such interest in the issue being tried as would make him an incompetent witness. It is "the adverse interest and not the adverse testimony of a witness that disqualifies him" where such interest is made a statutory bar: *Horne & Co. v. Petty*, 192 Pa. 32, 35, 43 A. 404; *Edmundson's Estate*, 259 Pa. 429, 437, 103 A. 277. "There should be a fixed vested interest, a remote or contingent interest will not answer. 'It must be an interest that the judgment in the cause would operate upon, for if by the event he would neither acquire nor lose a right, nor incur a responsibility, which the law recognizes, he is competent. Every other kind of interest goes to credibility' ": *Dillon's Estate*, supra (p. 240). In the

case last cited the Supreme Court quoted with approval from *Braine v. Spalding*, 52 Pa. 247, as follows: "The true test of the interest of a witness is that he will either gain or lose, as the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action."

The appellant next complains of the receipt in evidence of certain paragraphs of plaintiff's statement which, it is alleged, were not denied in the affidavit of defense. The same legal question is raised as to two paragraphs and we will therefore refer only to the first of these. The fourth paragraph and the corresponding section of the affidavit of defense were as follows: "Fourth: The defendant, Mrs. Minnie B. Richards, desiring to become the purchaser of the premises aforesaid, agreed to pay therefor the sum of $1,000. 4. Admitted, subject to the defense hereinafter set forth under new matter." This amounted to a clear admission of the allegation contained in the statement of claim. The fact that the answer referred to the affirmative defense set up under the head of new matter did not take anything from the force of the admission. The accepting of this and other admissions taken from the pleadings enabled the plaintiff to make out his prima facie case unclouded by the affirmative defense which the defendant was permitted to present in due order. The orderly trial of cases requires that such procedure be followed. It would only have led to confusion to have injected at that stage of the trial the defenses set up in the pleadings. The defendant had full opportunity at the proper time, if it so desired, to bring out these same matters. The principles involved will be discussed under a consideration of the next claim of the appellant.

Appellant also complains of the refusal of the trial judge to permit the defendant to cross-examine the witness Butler as to the mental capacity of Mrs. Richards. That witness was not a party to the suit and therefore

the defendant, in cross-examining him, was limited to matters connected with his testimony in chief: *Murdoch v. Biery,* 269 Pa. 577, 581, 112 A. 772. "A party should not be permitted to establish his claim or to prove his defense by a cross-examination of the witnesses of his opponent. Such is not the purpose for which a witness is cross-examined": *Glenn v. P. & W. C. Traction Co.,* 206 Pa. 135, 137, 55 A. 860. The range of such cross-examination must be left to a great extent to the sound discretion of the trial judge and we will not reverse unless that discretion has been plainly abused: *Bohan v. Avoca Boro.,* 154 Pa. 404, 409, 26 A. 604; *Goodbody v. Margiotti,* 323 Pa. 529, 538, 187 A. 425. "The underlying reason for confining the scope of cross-examination is to promote order and method in the presentation of a case. Each party must have an opportunity to present his side of the case without the introduction of matters unrelated to his case in chief and not touched upon in his evidence": *Conley v. Mervis,* 324 Pa. 577, 581, 188 A. 350. We fully realize that it is frequently proper to permit quite extensive cross-examination and that a precise line indicating just how far such cross-examination should go cannot be drawn. We are, however, of the opinion that in this case there was not only no abuse of discretion upon the part of the trial judge but his ruling was precisely correct.

Finally, the appellant complains of certain statements of fact made by the trial judge in his instructions to the jury. Only a general exception was taken to the charge. "Having taken his chance with the jury, he cannot be heard to complain now": *Marcus v. White Star Lines,* 316 Pa. 380, 382, 175 A. 490; *Tropical P. & O. Co. v. Sharon Bldg. Co.,* 313 Pa. 51, 52, 169 A. 105. However, an examination of the portions of the charge of which complaint is made convinces us that there is no merit in the complaints.

Judgment affirmed.