Goldstein *v.* Goldstein et al., Appellants (No. 3).

Argued May 4, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*George S. Goldstein,* in propria persona, with him *McFate & McFate,* for appellants.

*F. Harold Gates,* with him *W. F. Moyar,* for appellee.

OPINION BY BALDRIGE, J., July 16, 1943:

In this action of assumpsit brought to No. 69, August Term, 1939, (No. 167 April Term, 1943 on appeal) Morris Goldstein sued his mother, brother and sister to recover on an oral contract for moneys paid out and expended by him in behalf of defendants while acting as their agent in the management of oil properties in Venango County, Pennsylvania. The mother died when the case was pending and her executors were added as parties defendant.

The plaintiff claimed $2,296.50 for wages paid Oscar Higgins for work and labor on the defendants' properties; $1,714.93 for moneys paid various people for oil well supplies, taxes, drilling, etc., and other items, which with plaintiff's claim for wages for his own services of management totaled $7,205.43. The court directed that owing to lack of evidence no recovery could be had for personal services and for certain items of expenditure claimed to have been made. The jury rendered a verdict of $1,092.65 in plaintiff's favor. This appeal by defendants followed.

The first contention of the appellants is that the appellee cannot recover for money paid Higgins as wages as there was no testimony that the monthly lump sum paid him was in pursuance of the oral contract upon which plaintiff declared. Admittedly, the plaintiff was acting as defendants' agent in managing their properties and he hired Higgins, who testified that he was paid by the plaintiff. Paragraph 10 of the statement

of claim set forth in detail the money paid monthly to Higgins and alleged that one-half of it was paid "while said plaintiff was acting as agent for the defendants as hereinabove alleged and within the scope of the plaintiff's authority as agent for the defendants ...... and at the special instance and request of the defendants, and upon the oral agreement of the defendants to repay and pay back the same to the plaintiff ......" It was not necessary for the plaintiff, after establishing a general agency declared upon, to prove an oral authorization for each monthly payment made: Restatement, Agency, §439. Higgins testified that he worked not only for the plaintiff but for the defendants; that he spent about one-half of every day working in connection with producing oil on the defendant's properties. The cases cited by the appellants involving contracts for personal services furnished to members of a family are not in point as we have already pointed out the amount recovered was not for services he rendered defendants.

Appellants' next contention is that the evidence was insufficient to support the verdict. Emphasis is laid on the following comment made by the court when he refused defendants' motion for compulsory non suit as to the claim for moneys paid Higgins: "We will refuse the motion as to that. We will have to say to the jury that it is very indefinite, and I don't know how they can come to any conclusion." Later, when the insufficiency of plaintiff's proofs was again raised, the court expressed the opinion that the factual controversies were for the jury's consideration and submitted the case to the jury in a charge to which defendants took a general exception only. We are of the opinion that the court's comment was not in any way prejudicial to the defendants. It rather favored them. A review of this record convinces us that the evidence produced by the plaintiff made it mandatory upon the

court below to submit the disputed issues of fact to the jury. This was done in a manner that cannot be justly criticised.

The third and fourth questions, the final ones raised by the defendants, are substantially the same as those we have discussed in appeal No. 166 April Term, 1943, opinion filed this day. What we said there is equally applicable here. The plaintiff did not there, nor here, recover on the basis of a quatum meruit. The paragraphs of plaintiff's statement and corresponding paragraphs of defendants' affidavit admitting the agency were properly received in evidence, unclouded by defendants' affirmative defense set up under "New Matter." *Shobert v. Brookville Bank & Trust Company,* 132 Pa. Superior Ct. 365, 371, 200 A. 942.

Judgment is affirmed.