Goldstein *v.* Goldstein et al., Appellants (No. 1).

Argued May 4, 1943.   Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*George S. Goldstein,* with him *McFate & McFate,* for
appellants.

*F. Harold Gates,* with him *W. F. Moyar,* for appellee.

OPINION BY BALDRIGE, J., July 16, 1943:

The plaintiff sued Anna Goldstein, his mother, to
No. 67 August Term, 1939, (No. 165 April Term, 1943
on appeal) to recover $300 and $90 moneys expended
in her behalf upon her oral agreement to repay these
sums.   He also brought suit against her to No. 68
August Term, 1939, (No. 166 April Term, 1943 on
appeal) alleging that she had appointed him her agent
to supervise the operation of certain oil properties in
Venango County, and that he paid out as her agent the
sum of $499.76, upon her oral agreement that she would
repay him.   He sought to recover $1,220, also, compen-
sation for services rendered in managing her oil wells.
Mrs. Goldstein died December 27, 1939, during the
pending of these suits, leaving a will and her executors
were made parties defendant to these actions. The plain-
tiff obtained a verdict in each case.   The defendants

appealed. These cases were tried below and argued before us together and will be disposed of in one opinion.

The appellants contend: (1) There can be no recovery in either of these actions as each is based upon an alleged contract which the plaintiff failed to prove and he cannot recover under the theory of a quantum meruit; (2) the court erred in admitting "in evidence a portion of a pleading in the Affidavit of Defense when the entire pleading is a qualified denial of a corresponding pleading in the Statement of Claim."

The plaintiff proved in No. 67 August Term, 1939, that his mother had delivered checks for $300 and $90 respectively drawn on her account and payable to him, upon which payment had either been stopped or refused for lack of funds. The checks were prima facie evidence of the moneys alleged to be due in plaintiff's pleadings: *Ritchie v. Deposit and Trust Co. of Pittsburg, Adm.*, 189 Pa. 410, 42 A. 20. No evidence was offered upon the part of the defendant. The plaintiff sought to recover a verdict for moneys loaned and paid out in behalf of his mother. He did not aver or attempt to recover on any quantum meruit theory in this action. The pleadings admitted in evidence, together with the testimony, raised factual issues for the jury's consideration.

In No. 68 August Term, 1939, the plaintiff in paragraphs 6 and 7 of his statement of claim averred that his mother appointed him as agent to supervise and manage certain of her lands which were then being used and operated in the production of oil and authorized him to purchase necessary supplies, tools, equipment, etc. The contract of agency was admitted in the corresponding paragraphs of defendant's affidavit of defense, which were properly admitted in evidence. Paragraph 10 contained an itemized statement of moneys expended for defendant amounting to $499.76 for labor, supplies, etc., upon the defendant's orally agreeing to repay the same to the plaintiff.

It was not necessary for the plaintiff to prove an oral contract for each item. It may be inferred that the principal agreed to reimburse her agent for payments he made out of his own money on her behalf. See Restatement, Agency, §439. The various items constituting the $499.76 were properly proven by disinterested witnesses.

The plaintiff did not attempt to recover on a quantum meruit basis except as to the item of $1,220 for services rendered. The court held properly that there was no evidence to support that claim, so that the cases cited by the appellants on this point are not applicable.

That brings us to the second and last contention, namely, that the court erred in admitting a portion of the pleadings. The plaintiff in paragraph 7 of his statement of claim, as already pointed out, averred his agency. The corresponding paragraph in defendant's affidavit of defense admitted plaintiff's agency but denied that he acted properly as an agent, but on the contrary "fraudulently, wilfully and negligently carried out his said duties as the agent of the defendant, to the great loss and detriment of the defendant, all as hereinafter more fully set forth under 'New Matter.'" The admission of the agency was properly received in evidence, unrestricted by defendant's affirmative defense of new matter under our ruling in *Shobert v. Brookville Bank & Trust Company*, 132 Pa. Superior Ct. 365, 371, 200 A. 942.

The plaintiff established agency and proved the amount recovered was due and payable. The assignments of error are dismissed.

Judgment in each appeal is affirmed.