**Commonwealth v. Boyd**

*James A. Caldwell,* Assistant District Attorney, for Commonwealth.

*Sherman K. Levine,* for defendant.

LYON, J., October 7, 1970.—Defendant stands accused of having violated the Uniform Firearms Act of June 24, 1934, P. L. 872, as amended. In this proceeding, he seeks to suppress as evidence the gun found in his automobile as the result of a search conducted by State Police Officer Howard E. Funk.

The failure to answer an allegation in a pretrial application for relief "shall be deemed an admission of the well pleaded facts averred in the application": Pa. R. Crim. P. 308. But the rule is not selfexecuting. The undenied, well-pleaded facts are not deemed to be judicial admissions until they are offered and received into evidence at the hearing. Cf. Lapayowker v. Lincoln College Preparatory School, 386 Pa. 167, 125 A. 2d 451 (1956); Mullen v. The Union Central Life Insurance Company of Cincinatti, Ohio, 182 Pa. 150, 37 Atl. 988 (1897); Smith v. Lit Brothers, 174 Pa. Superior Ct. 102, 100 A. 2d 390 (1953); Goldstein v. Goldstein, 152 Pa. Superior Ct. 566, 33 A. 2d 82 (1943).

"Judicial admissions are not evidence at all, but are formal admissions in the pleadings, . . . oral or written, by a party or his counsel which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. Thus the judicial admission, unless it should be allowed by the court to be withdrawn, is conclusive, . . .": McCormick on Evidence, page 504, sec. 239; 4 Wigmore on Evidence, (3rd Ed.) § 1051(1).

Judicial admissions by the Commonwealth at the hearing on the motion to suppress in the instant case

established the following: that on January 3, 1970, defendant, Brian H. Boyd, was arrested and taken into custody by the New Castle City Police at or near the C & A Hall, Frew Mill Road, Third Ward, New Castle, Pa.; that the New Castle City Police there arrested Brian H. Boyd and his wife without a warrant, for an alleged misdemeanor which was not committed in their presence, namely, assault and battery; that at the time of the arrest the said defendant and his wife were in defendant's automobile; that the police of the City of New Castle in taking defendant and his wife into custody took them to the City Police Station and there obtained information from defendant and his wife without first advising them of their respective constitutional rights; that there was obtained from the wife information that a 38-caliber revolver was in defendant's car; that she had seen the revolver and that defendant had threatened to use it upon himself; and that the said city police immediately conveyed this information to State Police Officer Howard E. Funk who obtained a warrant for the search of defendant's car where the gun was found. We are bound in this opinion to accept the judicial admission that defendant was married at this time even though some of the evidence at the hearing would tend to prove that the marriage occurred at a later date.

It appears from the record that Trooper Funk had been alerted earlier by police radio of a possible abduction of Mrs. Boyd, wife of defendant. She related to Trooper Funk at the New Castle City Police Department that she was employed at the Photo-Mat Booth in Shenango Township, Lawrence County, Pa.; that on the day in question defendant came to her place of employment; that he appeared to her to be intoxicated and stated that he had taken seven acid pills; that at about the same time he displayed a

gun, pointed it to his head and threatened to take his own life unless she left her employment to go with him in the automobile; that when she refused defendant's request he laid down on the seat of his automobile and appeared to her to be in the throes of convulsions; that she ran to the automobile to offer her assistance to defendant who had faked the convulsions; and that defendant then dragged her into the automobile and drove off.

In Chambers v. Maroney, 399 U.S. 42, decided June 22, 1970, the United States Supreme Court held that the validity of an arrest is not necessarily determinative of the right to search a car if there is probable cause to make the search; that since it is probable cause which justifies the search of an automobile, the search may be made either at the place of the arrest of the occupants or at the station house; that the probable cause is no less after the automobile is moved; and that where probable cause exists, the police may search the entire vehicle without a warrant. Defendant does not contend in his brief that the facts and information supplied by his wife to State Police Officer Funk did not constitute probable cause for the search of his vehicle.

His contention is that the search was illegal for two other reasons; namely, (1) the probable cause justifying the search of defendant's automobile was a fruit of an illegal arrest of defendant's wife, and (2) the search was bottomed upon privileged information supplied by the wife of defendant. We disagree.

I.

Granted the illegality of the arrest of defendant's wife, and the statements made by her thereafter, nevertheless, the violation of her constitutional rights gives defendant no standing to raise the objection.

In the case of Wong Sun v. United States, 371 U. S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963), the officers had hearsay information only and did not know whether the informant was reliable since they had not dealt with him before. Nevertheless, on the basis of this information, an officer knocked at "A's" door and when "A" attempted to flee arrested him. "A" then told the officer that "B" had heroin. On the basis of this information, the officers went to "B's" residence where "B" turned over the heroin to them. "B" told the officers he had gotten it from both "A" and "C". "C" was then arrested because of the information received from "B". The court held that the heroin seized at "B's" residence was inadmissible against "A", but not with respect to "C". The court pointed out that the exclusion of the narcotics as to "A" was required solely by their tainted relationship to the information unlawfully obtained from "A" by reason of his illegal arrest, and not by any official impropriety connected with the surrender of narcotics by "B"; and that the seizure of the heroin invaded no right of privacy of the person or premises which would entitle "C" to object to its use at trial. In Alderman v. United States 394 U. S. 165, 22 L. Ed. 2d 176, 89 S. Ct. 961, rehearing denied, 394 U. S. 939, 22 L. Ed. 2d 475, 89 S. Ct. 1177 (1969), the United States Supreme Court again cited the general rule that fourth amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted; and that no rights of the victim of an illegal search are at stake when the evidence is offered against some other party. The same legal principle applies also to fifth and sixth amendment rights as promulgated by Miranda v. Arizona, 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966). Cf. People v. Varnum, 66 Cal. 2d 808, 59 Cal. Rptr. 108, 427 P. 2d 772 (1967).

It is true, as defendant contends, that as the owner of the vehicle he has standing to object to an illegal search of it in violation of his fourth amendment rights. But since the search was made upon probable cause bottomed on the facts and information supplied by his wife, the search of the vehicle was not in violation of defendant's fourth amendment rights.

The gravamen of defendant's complaint is that the probable cause for the search was bottomed upon facts and information illegally obtained from his wife in violation of her fourth, fifth and sixth amendment rights. But it is clear as crystal that such constitutional rights are personal to her and may not be vicariously asserted by defendant; and that the constitutional rights of his wife are not at stake when the evidence is being offered only in a criminal proceedings against defendant. Hence, defendant has no standing to object to the admission of evidence against him on the ground that it was illegally obtained in violation of the fourth, fifth or sixth amendment rights of his wife.

## II.

We next turn to an examination of the contention that probable cause for the search of a motor vehicle may not be based upon information supplied by the wife of the owner. It is a rule firmly entrenched in our jurisprudence, with certain exceptions not relevant here, that either spouse is prohibited from giving testimony in any form against the other. Confidential communications between them and facts which have come to their knowledge through the marital relationship cannot be divulged by either without the consent of the other.

However, if the knowledge in question is not gained through the relationship and in the confidence which their relationship inspires, it is not privileged: Seitz

v. Seitz, 170 Pa. 71, 32 Atl. 578 (1895). The Pennsylvania Superior Court recently held in Kine v. Forman, 205 Pa. Superior Ct. 305, 209 A. 2d 1 (1965), that the public policy which protects as confidential the private communications or acts by the husband and wife did not necessarily extend to those communications or acts which are in furtherance of a fraud.

The United States Supreme Court held in McCray v. Illinois, 386 U. S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056, rehearing denied, 386 U. S. 1042, 18 L. Ed. 2d 816, 87 S. Ct. 1474 (1967), that the identity of the informant need not be disclosed when the information supplied relates only to the subject of probable cause for the search. Also, it has been held by the Pennsylvania Supreme Court that a wife may consent to the search of premises jointly controlled by her and her husband. Hence, it would be wholly incongruous to hold that probable cause may not be bottomed upon information supplied by a wife when such information could be supplied by her anonymously or the search could be authorized by her express consent: Commonwealth ex rel. Cabey v. Rundle, 432 Pa. 466, 248 A. 2d 197 (1968).

In the instant case, the information supplied by defendant's wife was concerned only with the subject of probable cause for the search of her husband's vehicle. She merely indicated to police officers that a 38-caliber revolver was within the automobile. Her knowledge relative to the location of the revolver was not the result of any confidential communication between husband and wife. She did not actually supply evidence to be used directly against her husband in criminal proceedings as was done by the wife of defendant in Commonwealth v. Wilkes, 414 Pa. 246, 199 A. 2d 411 (1964). The husband in Wilkes was indicted for murder and his estranged wife removed letters from his home and gave them to the district attorney.

The Supreme Court held them to be admissible under the Act of May 23, 1887, P. L. 158 sec. 2(b), as amended, 19 PS §683, since the knowledge of the existence of the letters involved did not arise through the marital relationship of the defendant and his wife.

In light of the foregoing discussion and citations of authority it plainly appears that (1) probable cause for the search of a husband's automobile may be bottomed upon information supplied by the owner's wife under the circumstances of the instant case, and (2) when evidence is obtained in violation of the fourth, fifth or sixth amendment rights of a wife, her husband has no standing to object to the use of such evidence in criminal proceedings solely against him.

## ORDER

Now, October 7, 1970, it is ordered, adjudged and decreed that defendant's motion to suppress evidence and witnesses be, and hereby is, refused.