Born *v.* Bulletin Company, Appellant.

Argued October 2, 1930.

Be-
fore TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-
NINGHAM, BALDRIGE and WHITMORE, JJ.

*Richard A. Smith,* for appellant.

*Cecil P. Harvey,* and with him *Martin Feldman* and
*William Horenstein,* for appellee.

OPINION BY KELLER, J., December 12, 1930:

This case grew out of a right-angle collision between
plaintiff's automobile and defendant's truck at the in-

tersection of Griscom and Overington Streets, Philadelphia. The evidence presented on behalf of plaintiff and defendant respectively was so conflicting as to be impossible of reconcilement. Giving the testimony its extreme effect, neither side presented a case within the bounds of reasonable probability; but adopting a medial interpretation, the accident might have happened as testified to on either side. The trial judge submitted the disputed questions of fact in a charge so fair that no exception was, or could be, taken to it, and the jury resolved them in favor of the plaintiff. Appellant's only ground of complaint is that the story as told by plaintiff was impossible of belief and that the accident could not have happened as related by him. Giving him every advantage in the evidence and the benefit of all favorable inferences arising therefrom, we are not convinced that the story of the plaintiff and his witnesses is without the bounds of possibility.

From the evidence the jury might have found that plaintiff on September 21, 1929, between four and five o'clock P. M. was traveling south on Griscom Street. When he came to the house line of Overington Street he looked to his right and saw nothing approaching. The distance covered by his view was stated only approximately, but he thought it was about 300 feet. His brother who was sitting on the front seat with him looked at the same time and he saw nothing within a range of 150 feet. Plaintiff proceeded slowly and when he got to the curb line and saw that the intersection was clear, with nothing in view, he continued across and was past the center of the street when he noticed defendant's truck bearing down upon him "at an awful rate,"—between forty and fifty miles an hour,— and before he could quite clear the intersection, his automobile was run into at the rear right fender by defendant's truck, with the consequent injuries sued

for in this action. The evidence does not show how far the house line of Overington Street was from the curb line. The distance covered by plaintiff's look to the right, as well as his brother's view in the same direction, was only approximate; it showed a sufficiently clear space to justify a reasonably prudent man in proceeding to cross. The speed of the plaintiff's car as well as of the defendant's was also only approximated. The clear preponderance of the evidence was that defendant's truck ran into the rear of plaintiff's car when the latter was almost across the intersecting street; that plaintiff's rear right fender was hit by the front of defendant's truck; and that defendant's truck was going at such a rate of speed that it could have been outside the range of view to which a reasonably prudent man approaching a crossing intersection would give special attention, when plaintiff came to the curb line. Too much weight must not be given to minute calculations of time and space based on mere approximations, especially where the successful party before the jury has almost cleared the intersection before the collision occurred.

We think the evidence was for the jury and their verdict ought not to be disturbed by us. Judgment affirmed.