Medvidovich et al., Appellants, v. Schultz.

Argued September 30, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*George S. Goldstein*, with him *Samuel A. Weiss*, for appellants.—The owner of land is liable where he brings or permits thereon something which is both attractive and dangerous to children: Nichol v. Telephone Co., 266 Pa. 463; Hojecki v. Ry., 283 Pa. 444.

Whether defendant had constructive notice of the danger was a question of law to be determined by the court.

In Steele v. Ins. Co., 305 Pa. 259, the Supreme Court reversed the lower court for error in its charge though no specific exceptions had been taken thereto.

*George T. Walker*, with him *Russell H. Adams*, for appellee.—When a landlord has given up possession of his real estate to a tenant, he has no responsibility as to chattels which are thereafter brought upon the premises.

Except for errors basic and fundamental a trial court will not be reversed for failure to instruct the jury on a question not called to its attention: Phila. v. Stange, 306 Pa. 178; Schlossstein v. Bernstein, 293 Pa. 245.

452

The question of whether there existed facts to constitute constructive notice to defendant of the existence of a dangerous condition on his property must be determined by the jury.

Opinion by Mr. Justice Kephart, November 28, 1932:

Schultz owned a large unimproved, unfenced lot of ground in Clairton, Allegheny County. It was part of a field that had been used as a playground and baseball park. Children were permitted to play there unmolested. In 1928 the lot was leased to Smith for a carnival. He erected a merry-go-round, ferris wheel and other forms of amusement. Smith removed part of the equipment, leaving the merry-go-round. It was unattended, and while playing on it Medvidovich climbed up a post, was caught in revolving gear at the top and sustained a serious injury, for which an action was brought against Schultz, the landlord. The jury found against the claim and the verdict was sustained by the trial court. This appeal follows.

The turning point in the court below was whether or not the landlord had taken possession of the merry-go-round through distraint or otherwise, and the jury's attention was first directed to that question. They were instructed that if they found the landlord had not taken possession of it, he would not be liable, and all other questions would drop out of the case. The landlord owes no duty to an invitee or others on the premises in the possession of his lessee if the latter has or brings dangerous chattels on the premises. The jury found for the landlord and by the verdict determined that he was not in possession; or that being in possession, the injury was such that he was not bound to anticipate its happening, which latter finding the court had properly submitted would relieve him from liability. See Venzel v. Valley Camp Coal Co., 304 Pa. 583, 590; Rugart v. Keebler-Weyl Baking Co., 277 Pa. 408.

All the assignments apart from the refusal of a motion for a new trial relate to the charge of the court. We have repeatedly held that when the errors in the charge are not basic and fundamental they must be made the subject of specific objections and cannot be complained of under a general exception to the charge: Herb v. Hallowell, 304 Pa. 128; Phila. v. Stange, 306 Pa. 178; Schlossstein et ux. v. Bernstein, 293 Pa. 245. It is only when the errors are basic and fundamental and can not be corrected at trial that we consider them under a general exception: Steel v. Armstrong Co. Mut. F. Ins. Co., 305 Pa. 259.

The court here touched upon every legal matter involved in the case. The complaint made is that the charge was inadequate, and did not fully cover these questions. At the close of the case counsel were asked if there was anything further they wished to have said to the jury. While appellant made a suggestion about other matters, no objection or suggestion was made as to the matters here complained of. This is a situation the rule above cited was designed to cover. Appellant was given an opportunity to remedy any defect or inadequacy in the charge. One cannot take a chance on a verdict and then base the demand for a new trial on specific errors in the charge which he had ample opportunity to correct at the trial.

Judgment affirmed.