The Tropical Paint & Oil Co. *v.* Sharon Building Co., Appellant.

Argued September 26, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*C. E. Brockway,* of *Brockway, Whitla & McKay* and *W. C. Pettit,* for appellant.

*Louis J. Wiesen,* with him *Emrys G. Francis* and *Davis, Fruit & Anderson,* for appellee.

PER CURIAM, November 27, 1933:

Plaintiff sued to recover a balance due for goods alleged to have been sold and delivered to defendant

between March, 1929, and August, 1929. Written orders for the material in question were introduced in evidence together with correspondence between the parties confirming the transactions. The defense was that the principal order was invalid in that the signature of the officer of defendant company thereon was a forgery. Defendant also averred an oral agreement with plaintiff's agent to the effect that the goods were to be received on consignment and paid for when sold. The verdict of the jury for plaintiff in the full amount claimed determined both of these contentions against defendant. This appeal by defendant from refusal of its motion for a new trial followed.

Appellant asserts that the charge of the trial judge was misleading and inadequate in referring to the disputed questions, in that it conveyed to the jury the inference that the validity of these orders was established by the evidence. Our examination of the record discloses this complaint to be groundless. The trial judge fairly and correctly stated the issues and submitted them to the jury under instructions as full and as favorable to defendant as it was entitled to have set forth.

Moreover, at the conclusion of the charge, and before the jury retired, counsel for defendant took general but no specific exceptions to the portions of the charge now alleged to be error, nor was there a request that additional instructions be given the jury on the points in question. "A party may not sit silent and take his chances of a verdict, and then if it is adverse complain of a matter which if an error would have been immediately rectified and made harmless": Com. v. Razmus, 210 Pa. 609, 611; Reznor Mfg. Co. v. Bessemer & Lake Erie R. R. Co., 233 Pa. 369, 372. The general rule is that failure to except particularly to the trial judge's omission to give further instructions on any branch of the case precludes raising the question subsequently upon a general exception: Dravo Contracting Co. v.

James Rees & Sons, 291 Pa. 387, 393; Liacopoulos v. Coumoulis, 298 Pa. 329, 336.

All other matters assigned as error were properly disposed of by the lower court and need not be referred to here.

The assignments of error are overruled and the judgment affirmed.