## Marcus v. White Star Lines, Inc., Appellant.

Argued September 28, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Robert A. Applegate,* with him *Rose & Eichenauer,* for appellant.

*A. M. Oliver* and *Mayer Sniderman,* for appellee, were not heard.

PER CURIAM, November 26, 1934:

In this case we are asked to review the action of the court below in refusing a new trial in a suit to recover damages for personal injuries. The jury rendered a verdict for plaintiff in the amount of $6,500, which the trial judge, after argument of the motion for a new trial, reduced to $5,000. Plaintiff was a passenger in

a motor bus operated by defendant company and sustained injuries of a serious nature when struck by a piece of baggage which fell from an overhead rack as the bus rounded a sharp curve. Appellant contends the court below erred in submitting to the jury the question of injury to plaintiff's arm, inasmuch as there was no testimony that his hand or arm had been injured at the time of the accident, and no medical testimony that the claimed disability to the arm could be attributed to the accident. The record discloses that, at the conclusion of the court's charge, counsel for appellant did not specifically object to the language in reference to plaintiff's arm now complained of, but was content with a general exception. Having taken his chance with the jury, he cannot be heard to complain now: Tropical Paint & Oil Co. v. Sharon Bldg. Co., 313 Pa. 51, 52.

An examination of the charge, however, discloses that the trial judge stated to the jury: "There is no medical testimony in this case whatsoever that [plaintiff's] arm is affected, beyond simply [his] word for it." Appellant could hardly have expected more favorable instructions on this phase of the case in the absence of a specific request. The verdict, as reduced by the court below, although high in the circumstances, is not excessive and is warranted by the evidence of injuries received and the resultant disability, which includes a marked loss of hearing.

Judgment affirmed.