Cunningham *v.* Spangler, Appellant.

152

Argued March 12, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*Frederick J. Templeton,* with him *Caleb S. Brinton,* for appellant.

*Joseph P. McKeehan,* with him *Bowman & Bowman,* for appellee.

OPINION BY RHODES, J., July 10, 1936:

These two actions of trespass arose out of a right-angle collision between cars operated by plaintiff and defendant at the intersection of two public highways. In the one action plaintiff sued on behalf of himself and his children to recover damages for the death of his wife who was riding in his car, and in the other action plaintiff sued to recover for his personal injuries and for damage to his car. Both actions were tried together, and the jury returned a verdict for the plaintiff in each case. The jury made specific findings in each case to the effect that the defendant was negligent and the plaintiff was not contributorily negligent. Defendant's motions for judgment n.o.v. and a new trial were refused. Defendant appealed.

In considering the refusal by the court below of appellant's motion for judgment n.o.v., the plaintiff must be given the benefit of every fact and inference of fact pertaining to the issues involved which may reasonably be deduced from the evidence. *Kish v. Pennsylvania R. Co.,* 309 Pa. 439, 164 A. 341. However, any testimony opposed to incontrovertible physical facts and contrary to human experience and the laws of nature must be rejected. *Ross v. Riffle,* 310 Pa. 176, 164 A. 913. Viewed in a light most favorable to the plaintiff, the evidence and the inferences to be drawn therefrom would justify the jury in finding the following facts: The accident occurred on August 4, 1933, at about 6

p. m., at the right-angle intersection of two public highways in Cumberland County. The afternoon was bright and clear. Plaintiff was driving his Ford sedan in an easterly direction on the road from Shiremanstown to New Cumberland, known as the Simpson Ferry road, and the defendant was driving his Ford coupe in a northerly direction on the road leading from Eberly's Mills to White Hill. At the intersection the macadamized portion of the latter road was 22 feet wide, and the width of the improved portion of the Simpson Ferry road was 17 feet 6 inches. There was a cemetery on the plaintiff's right as he approached the intersection. Several stone pillars and evergreen trees were located at the entrance to the cemetery property and near the intersection. As the plaintiff approached the intersection, the road on his right was visible for a distance of about 300 feet south of the intersection. Beyond this point there was a dip in the road, which would cause an approaching vehicle to be hidden from plaintiff's view. On plaintiff's left there was a cornfield. The growing corn extended to within 3 feet of the fence along the edge of the Eberly's Mills-White Hill road, and made it impossible for plaintiff to see any car approaching from the north or from his left until he was even with or in the intersection. He slowed down his car and entered at a speed of seven or eight miles an hour or less. Before reaching the Eberly's Mills-White Hill road, he looked to his right and he kept looking up the road to his right as far as he could see, which was about 300 feet, until the front of his car was on the west side of that highway. Then he was able to see the road on his left to the north, whereupon he looked to his left for approaching traffic and proceeded across the intersection. The collision occurred past the center of the intersection. Plaintiff saw "a flash," and that was all he knew about the collision.

After the accident plaintiff's car was located at the

northeast corner of the intersection. It had been over-turned and came to rest on its top, and faced in the opposite direction from that which it occupied at the time of the contact. Appellant's car continued in a northerly direction through the intersection and stopped in a field about 25 feet east of the highway and 40 feet beyond the northeast corner of the intersection.

The appellant, when he was at the top of the hill about 300 feet from the intersection, looked to his right and to his left for approaching traffic. He said that he looked again when he was about 150 feet distant, saw nothing, and continued, without reducing his speed, through the intersection. He did not continue to look and did not see the other car before the collision.

The appellant was clearly negligent, and the jury properly so found.

Appellant contends that the plaintiff was guilty of contributory negligence, and that such negligence on the part of the plaintiff is established by incontrovertible physical facts. It is argued that such facts are shown by the condition and position of the cars after the accident. Plaintiff's car was forced into the air by the impact, so that it was visible above a building located on the northeast corner of the intersection. It came down and rested on its top. It was completely turned around, and the front was pointed in the direction from which it came. Plaintiff's car was then partly off the roadway at the northeast corner of the intersection. Appellant's car stopped about 40 feet north of the intersection in a field on the same side of the highway as that on which he had been proceeding. Appellant's car was considerably damaged on the left front fender, and the running board and rear fender were slightly damaged. The right side and the front of plaintiff's car suffered damage.

It is a reasonable inference that appellant's car hit plaintiff's car a glancing blow on the right side, tossed

it into the air and to the left and partly off the highway, and continued on in a northerly direction. The headlights on plaintiff's car were bent back at the top, and the jury could properly conclude that this damage was caused when the car struck the ground, upside down, after being hurled into the air. It was the province of the jury to pass on these facts and draw its own conclusions. We cannot agree that they are such incontrovertible physical facts as show plaintiff guilty of contributory negligence.

Appellant also contends that plaintiff was contributorily negligent because he did not continue to look while crossing the intersection. It appears to us that plaintiff complied with all the requirements demanded of a reasonably prudent person. He could not look in all directions at once; nor should he continue to look, under the circumstances, in only one direction. See *Hurd v. Dietz*, 317 Pa. 525, 177 A. 23; *Lewis v. Hermann*, 112 Pa. Superior Ct. 338, 171 A. 109.

Plaintiff, having looked and having continued to look to his right and seeing no traffic approaching for a distance of at least 300 feet, and thereupon observing that no traffic was approaching from his left as he entered the intersection, was justified in proceeding to cross. We believe that plaintiff performed his duty to look and to continue to look as he advanced into the intersection. The rule that plaintiff must "look and continue to look" does not require something humanly impossible; nor is it a rule requiring observance with universal uniformity or with mathematical precision. No absolute rule for human conduct can be made to apply to a multitude of different conditions and circumstances; one being no exact replica of another. The purpose of looking is to "bring home knowledge of traffic conditions in the intersection." See *Stevens v. Allcutt*, 320 Pa. 585, 184 A. 85. We think that the cases of *Newman v. Reinish*, 106 Pa. Superior Ct. 351, 163 A. 58,

*Kutz et al. v. General Baking Co.,* 87 Pa. Superior Ct. 297, and *Gooden v. Allan C. Hale, Inc.,* 116 Pa. Superior Ct. 335, 176 A. 855, relied upon by appellant to establish the contributory negligence of the plaintiff as a matter of law, are readily distinguishable on their facts from the instant case.

The plaintiff slackened his speed as he approached this intersection until his car was going no more than seven or eight miles per hour as he proceeded across. The road which he approached was not a through highway, as in the cases of *Riley v. McNaugher,* 318 Pa. 217, 178 A. 6, and *Dougherty v. Merchants' Baking Co.,* 313 Pa. 557, 169 A. 753. He looked and continued to look for traffic coming on the road to his right until he arrived at a point on the intersection which would permit him to observe any traffic approaching from his left, and which, up to that time, would have been obscured from his view by the standing corn. He could properly assume that, there being no approaching car for a distance of at least 300 feet on his right, and then observing that there was no approaching car on his left, he could safely proceed across the highway, a distance of approximately 22 feet, before he would be overtaken by a vehicle coming in either direction at a rate of speed sufficient to overwhelm him before he got across. See *Lookatch v. Robinson,* 318 Pa. 545, 179 A. 66.

It was necessary for him to first avoid traffic from his left. This he did by looking in that direction as he reached the westerly edge of the intersection, having previously observed that there was no traffic approaching from the right for a distance of more than 300 feet.

It is not only possible, but, we believe, probable, that the appellant was driving at such a speed with his Ford coupe that he traveled the distance from the top of the grade to the intersection in the few seconds which were consumed by the plaintiff as he turned from his observation of the roadway to his right to observe

whether there was any traffic approaching from his left and before he had an opportunity to see the approach of, and escape the contact with, appellant's car. In *Hayes et ux. v. Schomaker*, 302 Pa. 72, at page 76, 152 A. 827, at page 829, our Supreme Court said: "A driver is not obliged to anticipate and guard against a collision with a car driven at a high speed and in violation of rules governing the operation of automobiles on the highways." It is reasonable to infer from the facts that plaintiff appeared at the intersection first, and, although appellant was coming from plaintiff's right, the jury could find that the plaintiff reached the intersection sufficiently in advance of the appellant as to afford reasonable time to cross. The jury could likewise conclude from the testimony that plaintiff continued to look until his view of the road to his right assured him that he could safely clear the intersection in advance of any vehicle proceeding, at a not unusual speed, beyond his range of vision of the intersecting road. See *Born v. Bulletin Co.*, 100 Pa. Superior Ct. 300.

In this case the plaintiff cannot be declared negligent as a matter of law. "Where there is doubt as to negligence upon the part of the plaintiff, the case is for the jury": *Howard v. Baltimore & Ohio R. Co.*, 219 Pa. 358, at page 360, 68 A. 848. It was for the jury to pass upon all the facts and determine whether the plaintiff was contributorily negligent.

In support of the motion for a new trial, appellant presents two assignments of error. The fourth assignment is to the charge of the court as to the negligence of the appellant. The third assignment relates to the admission of testimony relative to the nature and the extent of the injuries to the wife of the plaintiff.

Appellant's fourth assignment reads: "The learned Court below erred in its charge to the jury as follows:

'There was negligence in the failure [of defendant] to look and continue to look after reaching a point ap-

proximately one hundred and fifty feet from the intersection. (199a).

You have the fact that his failure to look and continue to look after reaching that point one hundred and fifty feet from the intersection is negligence. (200a).

In one respect I have told you he [defendant] was negligent. (204a).

In one respect I have told you he [defendant] was negligent. (205a).

There was, as I have told you, negligence on his [defendant's] part in some respects. (210a).' "

We find no reversible error in the isolated portions of the charge contained in this assignment. Where the errors in the charge are not basic and fundamental, they must be made the subject of specific objections, and cannot be complained of under a general exception to the charge. *Medvidovich et al. v. Schultz,* 309 Pa. 450, 453, 164 A. 338. The appellant took only a general exception to the charge of the court, and we find no basic or fundamental error therein. On the other hand, we can say that the charge of the court below was both fair and comprehensive, and left to the jury, under proper instructions, all findings of fact.

On the question of appellant's negligence, the court also stated in its charge: "He [defendant] says he looked there both to the right and left, and looked again when he was about half way to the intersection, and did not look thereafter. If that is true, that is negligence." It cannot be controverted that the appellant was negligent if he did not look after reaching a point 150 feet from the intersection, and the court was justified in so stating to the jury.

A charge must be considered in its entirety, and isolated portions should not be read separate and apart from the entire context. *Casey v. Siciliano,* 310 Pa. 238, 241, 165 A. 1, 2; *Cook v. Donaldson et al.,* 296 Pa. 389, 393, 145 A. 920, 921. At the conclusion of the

charge, the court asked counsel whether either side desired further instructions or whether there was any misstatement made by the court in commenting on the testimony. Counsel for the appellant replied: "No, but we would like a general exception to the charge." Appellant had ample opportunity to correct any omission or defect in the charge or any misstatement of the testimony by the court. *Medvidovich et al. v. Schultz,* supra, 309 Pa. 450, 453, 164 A. 338, 339; *Tropical Paint & Oil Co. v. Sharon Building Co.,* 313 Pa. 51, 52, 169 A. 105; *Szczygielski v. Travelers' Ins. Co.,* 114 Pa. Superior Ct. 352, 357, 174 A. 662, 664.

As another reason for a new trial, appellant alleges that the court erred in the admission of the testimony of the undertaker Hoff as to the nature and extent of the injuries to plaintiff's wife (third assignment of error). The witness testified that upon an examination of the body it was disclosed that she suffered "a broken right arm, upper third, a broken right shoulder, a crushed chest, a scar under the hair, right at the hair line, a big break in the back of the head, back, as big as the palm of the hand, a broken leg, right leg, crushed above the knee, bruises over the right shoulder and arm, and badly crushed chest." The wife of the plaintiff was sitting in the front seat of the plaintiff's sedan and to the right of the plaintiff who was driving. It was the right side of the plaintiff's car which was badly damaged by the accident. This testimony was admissible as tending to show the force and location of the impact and how the accident may have happened. It was likewise permissible for the plaintiff to prove his wife's death and the injuries sufficient to cause death. This is true, although appellant admitted, at the trial, that the death of plaintiff's wife was caused by the accident. There was no affidavit of defense filed in the action involving the death of plaintiff's wife. The two actions were tried together, and testimony of the witness Hoff was admis-

sible under proper instructions to the jury by the court.

The court properly charged that the jury should not be influenced by prejudice or sympathy, and that damages sought to be recovered by the plaintiff and his children did not include any claim for suffering either on the part of the deceased before her death or on the part of the survivors, and that no damages were recoverable by plaintiff or the children for any grief or distress of mind. The court also plainly charged the jury that damages in the death case could be only for the pecuniary loss suffered by the plaintiff husband and the children who stood in a family relation to their mother, together with the funeral expenses. Under the instructions of the court, we do not find that there was any such error in the admission of this testimony as warrants the granting of a new trial.

The assignments of error are overruled, and the judgments are affirmed.