Zimmerman *v.* Houghwot, Appellant.

Argued October 21, 1936.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Harold S. Hampson,* for appellant.

*Richard P. Lott,* with him *William Glassman,* for appellee.

OPINION BY RHODES, J., January 29, 1937:

This is an appeal by defendant from the refusal by the court below to grant a new trial in an action of trespass for malicious prosecution. Plaintiff, together with two others, was charged with larceny of maple sap on information made by defendant. Plaintiff was placed under arrest, handcuffed, taken to the office of the justice of the peace, and committed to jail, where he remained for five days. On the date fixed for hearing no testimony was offered by defendant, and plaintiff was discharged. Plaintiff then brought this action to recover damages for alleged malicious prosecution. The case was tried in the court below, and plaintiff obtained a verdict against the defendant in the amount of $1,000.

Appellant has assigned as error: (1) Rulings by the trial judge; (2) errors in the charge of the court; and (3) refusal of new trial. The court below overruled appellant's motion for a new trial, and that ruling is assigned as error, but no argument has been presented in support thereof.

We shall not consider any reasons except those specifically assigned as error and which are embraced in the

statement of questions involved. "The question as to whether the trial court abused its discretion in refusing a new trial may be raised on a single assignment setting out the motion and reasons for a new trial and the ruling of the court thereon; but the reasons therefor, if depended upon as errors, must be separately assigned": *Riff et ux. v. Pittsburgh Railways Co.*, 298 Pa. 256, at page 262, 148 A. 102, at page 104.

Three assignments of error complain of certain portions of the charge of the court. No exception was taken by appellant at the trial to those portions of the charge which are now assigned as error. At the conclusion of the charge, the court asked counsel if they had any further suggestions to offer. If there were any misstatements of fact in the charge,—and we find none, —they should have been called to the court's attention at that time. See *Cunningham v. Spangler*, 123 Pa. Superior Ct. 151, 160, 186 A. 173, 176. It is the duty of a party to except specifically to those portions of the charge which he deems erroneous. *The Tropical Paint & Oil Co. v. Sharon Building Co.*, 313 Pa. 51, 52, 169 A. 105; *Marcus v. White Star Lines, Inc.*, 316 Pa. 380, 382, 175 A. 490, 491. Appellant having taken merely a general exception to the charge, this court will not consider any errors therein unless they are basic or fundamental. *Gates v. Keichline*, 282 Pa. 584, 128 A. 490; *Cunningham v. Spangler*, supra, 123 Pa. Superior Ct. 151, 159, 186 A. 173, 176. Appellant does not contend that the charge as a whole was inadequate, or that it contained basic or fundamental error. *Mulheirn v. Brown et al.*, 322 Pa. 171, 177, 185 A. 304, 306. Cf. *Patterson v. Pittsburgh Railways Co.*, 322 Pa. 125, 128, 185 A. 283, 284. Moreover, the charge in this case did not invade the province of the jury, and an examination of it reveals twelve instances where the court, in varying language, informed the jury that the facts of the case were for them. The charge must be considered as a whole, and,

if when so considered the issues are fairly put up to the jury, the judgment will not be reversed, even though isolated portions of the charge may be the subject of criticism; and the trial judge may express his opinion upon evidence, provided the charge as a whole leaves all issues of fact for the jury. *Casey v. Siciliano,* 310 Pa. 238, 165 A. 1.

We find no merit in the two remaining (first and second) assignments of error. The subject of the first assignment was not raised in the reasons filed in support of appellant's motion for new trial in the court below. See *Hohman et ux. v. Borough of North Braddock,* 102 Pa. Superior Ct. 330, 336, 156 A. 705, 707. No exception was taken by appellant's counsel to the method of examination of appellee's witness, or to the questions asked. Appellant's motion was to strike out an answer of the witness because of his failure to give accurately the time of the conversation with the appellant. Appellant now presents the argument that the questions propounded to the witness were leading, improper, and should not have been received. No exception was taken to such questions for that reason, and the argument now made violates the rule universally applied that, on appeal, a party objecting to evidence is to be confined to the ground of objection taken in the court below. *Roebling's Sons Co. v. American Amusement & Construction Co.,* 231 Pa. 261, 271, 80 A. 647, 651; *Commonwealth v. Williams,* 41 Pa. Superior Ct. 326, 339. For these reasons the first assignment of error is overruled. As to scope and use of leading questions see *Commonwealth v. Bruno,* 316 Pa. 394, 403, 175 A. 518, 521.

The second assignment of error complains of the limitation of appellant's cross-examination of the justice of the peace. This witness was called by plaintiff for the purpose of identifying his docket. Appellant sought to cross-examine the witness as to the meaning of his docket entry. The cross-examination was properly lim-

ited by the trial judge. The docket of the justice set forth: "April 5, 1934, defendant, E. O. Zimmerman, discharged." The docket having been offered by plaintiff, after identification by the witness, it was the best evidence. *Coffman v. Hampton,* 2 Watts & S. 377.

The evidence is sufficient to sustain the jury's finding in favor of the plaintiff; and the appellant has shown no harmful error or abuse of discretion by the court below. See *Koppenhaver v. Swab,* 316 Pa. 207, 209, 174 A. 393, 394.

Assignments of error are overruled. Judgment is affirmed.