Capristo et al. *v.* Gross (et al., Appellant).

Argued April 29, 1938.

62

[redacted]

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ. [redacted]

*Herman Recht*, with him *David H. Kramer*, for appellant.

*Robert D. Dalzell*, of *Dalzell, McFall & Pringle*, for appellee.

*C. Joseph Recht*, for appellees.

OPINION BY CUNNINGHAM, J., September 28, 1938:

The wife plaintiff, Guglielmina Capristo, was a passenger in a Buick sedan driven by Charley Spane, which, at night, on a narrow road, came in contact with the left rear wheel of a ton and a half Chevrolet Truck being driven in the opposite direction by Joseph Gross.

To recover for personal injuries sustained by the wife and expenses incurred by her husband for medical treatment, servant's wages, etc., as a result of this accident, the plaintiffs instituted an action of trespass against Joseph Gross, the original defendant, who subsequently, by writ of scire facias, brought upon the

record, as an additional defendant, the driver of the car, Spane.

At the trial on September 14, 1936, the jury rendered a verdict of $100 in favor of the wife and $150 in favor of the husband, each verdict being against both defendants. Following the verdicts, various motions were filed on each side of the case, but the only one with which we are concerned, under appellant's statement of the question involved upon this appeal, is his motion for a new trial. The sole ground upon which a new trial is sought is an alleged "fundamental error" in the charge of CRICHTON, President Judge of the Fourth Judicial District, Specially Presiding. After argument before the court below, in banc, the pending motions were severally dismissed and judgments in favor of the plaintiffs entered upon their respective verdicts. The present appeals are by Spane alone from those judgments, which, by leave of court, have been paid by Gross, the original defendant, without prejudice to Spane's rights upon this appeal.

The single assignment of error is to an excerpt from one paragraph of the charge. At its conclusion, counsel for appellant made no reply to the invitation of the trial judge for criticisms or corrections, and took only a general exception.

In order to pass upon the only question involved, it is necessary to review briefly the evidence adduced at the trial. It may be summarized as follows: The accident occurred on September 26, 1934, on a rather narrow macadam road situate between a railroad and the Monongahela River and running from Clairton to Dravosburg, Allegheny County. The time was between nine and ten at night and a light rain had fallen. Spane, driving his automobile south toward Clairton, first saw the lights of the truck, owned and driven by Gross, coming north just beyond a slight bend in the road and then about one hundred feet away. According to Spane

and his witnesses, the truck was over the center of the road, partially on Spane's half, and approaching at a rate of thirty-five to forty miles per hour.

The road was sharply banked on Spane's right, the bank being held up by a "cribbing" of railroad ties, and in some places by a rough stone wall. There was no berm between the macadam portion of the road and the cribbing. Seeing the truck coming around the curve and toward him, Spane testified he slowed down to fifteen or twenty miles per hour. There was testimony that the truck came on without slackening its speed and the occupants of the Spane car felt two jolts, as though it had been hit twice on its left side. According to Spane, after being struck he lost control of his car which veered across the road sharply to its left, passed behind the truck and crashed into a concrete post, forming a part of the barrier along the river, causing injuries to Mrs. Capristo.

The only marks on the truck were a slight bend in the rim of the left rear wheel and a cut in the wall of this tire. Gross testified that when he saw the lights of Spane's car approaching he (Gross) was driving entirely on his side of the road at a speed of between fifteen and twenty miles per hour. Gross's evidence and that of his witnesses, tended to establish that Spane had first struck the cribbing on his (Spane's) right, breaking off the right front of the bumper of his car, and had thus been deflected over against the oncoming truck, striking it, and continuing on across the road to the concrete posts. According to the testimony of Gross, the right front fender of the car was turned up and a part of the front bumper had broken off, marking the wall, and leaving a track as it was dragged across the macadam portion of the road. He also stated he stopped his truck twenty-five feet beyond Spane's car after the collision. Although testifying he was tem-

porarily blinded by Spane's lights, Gross admitted he made no attempt to stop.

It was undisputed that the hubcaps of both left wheels of the automobile were damaged as well as the left front fender. Spane denied having hit the wall or cribbing to his right and contended the accident was brought about solely because Gross's truck ran into him.

Appellant contends the trial judge committed fundamental error in charging as follows "...... If the defendant Spane who saw the other car in the middle of the road, as his witnesses testify, could by reasonably prompt action have stopped his car and so avoid the accident and did not do so, then he would be guilty of negligence; ......"

No mention of this alleged erroneous instruction was made by counsel for Spane either at the time of filing his motion for a new trial or, so far as appears from the record, at the argument thereon in the court below.

It need hardly be pointed out that under such circumstances a new trial will be granted only where an error in a charge is basic and fundamental. Our Supreme Court said in *Medvidovich et al. v. Schultz,* 309 Pa. 450, 453, 164 A. 338: "We have repeatedly held that when the errors in the charge are not basic and fundamental they must be made the subject of specific objections and cannot be complained of under a general exception to the charge: *Herb v. Hallowell,* 304 Pa. 128; *Phila. v. Stange,* 306 Pa. 178; *Schlossstein et ux. v. Bernstein,* 293 Pa. 245." See also *Mulheirn v. Brown et al.,* 322 Pa. 171, 185 A. 304. The rule is the same generally as to questions raised for the first time on appeal. "Where a question is presented for the first time to an appellate court, that court will not consider it on appeal unless it involves error that is basic and fundamental: [citing cases]:" *Gordon, Secretary of Banking v. Hartford Sterling Co. (Lofland et al.,* Appellants), 319 Pa. 174, 177, 179 A. 234.

Our sole inquiry in this case is, therefore, whether the above quoted excerpt from the charge was basically and fundamentally erroneous. If it stood alone, and if Spane's failure to stop had been the only act of negligence of which a jury could reasonably convict him under the evidence, there would be force in the criticism that appellant was not given the full benefit of the rule thus stated in Huddy, Cyclopedia of Automobile Law, Vol. 3-4, pp. 187-188: "A driver on the right side of the road has a right to assume that a vehicle approaching on the wrong side will turn to the proper side in time to avoid a collision, unless it is obvious that the driver of the latter vehicle does not intend to turn, or is unconscious of the danger which is imminent, in which case the former must take reasonable precautions to avoid a collision, as where one side of the road is known to be obstructed."

In fairness to the trial judge, it should be noted that he did not place upon Spane an *absolute* duty to stop when he saw the truck coming toward him and occupying a portion of the road over the center line; the duty suggested was to stop *only if* he could, by *"reasonably prompt action," have done so* and thereby *avoided* the accident.

The paragraph, however, included in the assignment, did not stand alone and there was evidence which, if believed by the jury, would justify a finding that appellant was guilty of negligence in other respects which contributed to the injuries of Mrs. Capristo.

The full instruction relative to Spane's alleged negligence reads: "If the defendant Spane who saw the other car in the middle of the road, as his witnesses testify, could by reasonably prompt action have stopped his car and so avoid the accident and did not do so, then he would be guilty of negligence; or, if the defendant Spane carelessly guided his car so as to strike the wall on his right and be thrown across the path of

the other car thus causing or helping to cause the accident, then he would be guilty of negligence."

In *Zimmerman v. Houghwot,* 125 Pa. Superior Ct. 319, 189 A. 519, we again said: "The charge must be considered as a whole, and, if when so considered the issues are fairly put up to the jury, the judgment will not be reversed, even though isolated portions of the charge may be the subject of criticism; ...... *Casey v. Siciliano,* 310 Pa. 238, 165 A.1." To the same effect are *Menhennet v. Davis,* 71 Pa. Superior Ct. 260, 264; *Cunningham v. Spangler,* 123 Pa. Superior Ct. 151, 186 A. 173.

When the charge of the learned trial judge in this case is read in its entirety, we are of opinion it is free from any "basic and fundamental error."

The cases cited and relied upon by counsel for appellant are distinguishable on their facts: "Every negligence case must stand on its own facts.": *Ward v. P. R. T.* 117 Pa. Superior Ct. 120, 124, 177 A. 485.

The judgments are severally affirmed.