## Rockey, Appellant, *v.* Ernest.

Argued April 10, 1951. Before STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*William W. Litke,* with him *Fleming & Litke,* for appellant.

*Carl Rice,* with him *Musser W. Gettig,* for appellees.

OPINION BY MR. JUSTICE BELL, May 21, 1951:

The narrow question involved in this case is whether the charge of the court was inadequate, and if so, did it amount to basic and fundamental error.

Anna M. Rockey, administratrix of the estate of John B. Rockey, brought a suit in trespass to recover damages for the death of her husband. The defendants are William Ernest, who was the operator of the bulldozer, and the Susquehanna Paving Materials Co., which was Ernest's general employer. Defendant company was the owner of the bulldozer in question. It alleged it had rented the machine to the Pennsylvania State College and that at the time of the plaintiff's accident on June 9, 1947, Ernest was the servant or employee or agent of the College and under its control and direction and consequently the company was not liable for Ernest's actions.

Plaintiff's decedent at the time of the accident was laying a pipe in a ditch which was twenty to twenty-five feet away from the bulldozer. The bulldozer, a dual wheeled, rubber tired vehicle, would be driven along the ground and then would stop and the bucket (on the machine) would be lowered, filled with dirt, and then the earth would be dumped into the ditch. Ernest was operating the bulldozer in the usual and normal manner when he ran over a stone as big as a man's fist. The stone snapped from under the wheel and flew sideways a distance of twenty or twenty-five feet and hit Rockey in the head. Rockey was obviously badly hurt and died two days later. Ernest did not know at the time of the accident that a stone had been hurled or the cause of Rockey's injury.

The court gave a full and comprehensive charge to the jury. This necessitated charging on the subject of negligence and the sole, joint or several liabilities of defendants, which in turn involved a question of whether Ernest was the servant, employee or agent of the Susquehanna Paving Materials Co. At the conclusion of the charge of the court the trial judge asked counsel whether there was anything further, to which counsel for appellant replied "nothing further"; and then *took merely a general exception to the court's charge.* The jury returned a verdict for the defendants; plaintiff took this appeal from the order dismissing her motion for a new trial.

Appellant does not contend that any specific part of the court's charge was erroneous, but merely that the court failed to instruct the jury adequately with respect to the question of negligence on the part of the individual defendant and with respect to the question of the agency, employment and control of the individual defendant by his general employer.

It is well settled that under a general exception to a charge only errors which are basic and fundamental will be considered—any other errors must be made the subject of a specific objection: *McDonald v. Ferrebee,* 366 Pa. 543, 547, 79 A. 2d 232; *Medvidovich v. Schultz,* 309 Pa. 450, 164 A. 338; *Pennsylvania Railroad Company v. Pittsburgh,* 335 Pa. 449, 6 A. 2d 907. "The general rule is that failure to except particularly to the trial judge's omission to give further instructions on any branch of the case precludes raising the question subsequently upon a general exception: Dravo Contracting Company v. James Rees & Sons, 291 Pa. 387, 393; Liacopoulos v. Coumoulis, 298 Pa. 329, 336.": *Tropical Paint & Oil Co. v. Sharon Bldg. Co.,* 313 Pa. 51, 52-53, 169 A. 105; *Giannone v. Reale,* 333 Pa. 21, 3 A. 2d 331.

The jury's verdict in favor of the defendants must have been based upon the belief or finding that there was no negligence on the part of Ernest. If there was no negligence on the part of Ernest it would be immaterial whose servant or employee or agent Ernest was. It necessarily follows that even if the court's charge on the question of whether Ernest was the servant, agent or employee of the defendant company was inadequate, the error was immaterial and harmless in view of the jury's verdict.

We likewise cannot appreciate appellant's contention that the court's charge was inadequate on the subject of negligence. The mere happening of an accident is no evidence of negligence: *Thompson v. Gorman*, 366 Pa. 242, 246, 77 A. 2d 413; *Houston v. Republican Athletic Association*, 343 Pa. 218, 22 A. 2d 715; *Donaldson v. Pittsburgh Railways Co.*, 358 Pa. 33, 55 A. 2d 759.

Even if this was a case of a person being injured by a falling object, the doctrine of res ipsa loquitur does not apply to such cases. While negligence need not be proved by direct evidence but may be inferred from circumstantial evidence, i.e., facts and circumstances from which defendant's negligence may be legitimately inferred, nevertheless it is still necessary even in this class of case that the injured person prove that the defendant was negligent and that his negligence was the proximate cause of the accident: *Pope v. Reading Company*, 304 Pa. 326, 156 A. 106. It is well settled that conduct is negligent only if the harmful consequences thereof could reasonably have been foreseen and prevented: *Leoni v. Reinhard*, 327 Pa. 391, 194 A. 490; *Franzen v. Goodman*, 325 Pa. 518, 190 A. 888; *White v. Roydhouse*, 211 Pa. 13, 60 A. 316; *Gaupin v. Murphy*, 295 Pa. 214, 145 A. 123.

There was no evidence that defendant operated the bulldozer negligently or in an unusual or improper

manner; and it is clear that the accident was a remote possibility and not the natural and probable consequence of a bulldozer running over a stone. There was therefore no evidence of facts or circumstances from which negligence on the part of the defendant could be legitimately inferred.

Appellant also relies on a principle or exception, namely, that where the machine or thing which caused the injury was under the exclusive control of the defendant, and the accident which occurred is such as in the ordinary course of human experience does not happen if reasonable care is used by the defendant, the burden is on the defendant to prove that he used due care: *Skeen v. Stanley Co. of America*, 362 Pa. 174, 66 A. 2d 774. The reason for the exception is that evidence of the cause of the accident is accessible to the defendant and not accessible to the plaintiff. The doctrine of these cases is not available to a plaintiff who is in an equal or better position to produce evidence of the negligence which caused the injury than the defendant: *Norris v. Philadelphia Electric Co.*, 334 Pa. 161, 5 A. 2d 114; *Dickey v. Boggs & Buhl, Inc.*, 345 Pa. 453, 29 A. 2d 1. For reasons which are obvious, the aforesaid principle is clearly inapplicable to this case. Indeed, under all the evidence, the court below (as it indicated) could very properly have granted defendants' motion for binding instructions.

Judgment affirmed.