Goldstein, Appellant, *v.* Pittsburgh School District.

452

Argued November 20, 1951.   Before RHODES, P. J.,
HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER,
JJ.

*Leonard M. S. Morris,* with him *Philip Baskin* and
*Sachs & Caplan,* for appellant.

*Oscar G. Peterson,* Assistant Solicitor, with him
*Mortimer B. Lesher,* Solicitor and *Niles Anderson,* Assistant Solicitor, for School District and Treasurer,
appellees.

*J. Frank McKenna, Jr.,* Assistant City Solicitor,
with him *Anne X. Alpern,* City Solicitor, for City and
Treasurer, appellees.

*Ferdinand T. Weil,* with him *Andrew L. Weil* and *Weil, Vatz & Weil,* for amici curiae.

*E. Russell Shockley,* with him *Frank W. Ittel, Carl E. Glock, Jr.,* and *Reed, Smith Shaw & McClay,* for amici curiae.

OPINION BY RENO, J., March 18, 1952:

H. W. Goldstein, trading as Anchor Distributing Company, appealed from deficiency mercantile tax assessments including interest and penalties made against him by the School District of Pittsburgh and the City of Pittsburgh. The two appeals were consolidated and the facts agreed upon by stipulation. The court below dismissed both appeals and its orders will be affirmed.

Appellant had been the majority shareholder of the Anchor Distributing Company. The corporation was dissolved on April 30, 1949, and appellant acquired its assets and continued operations in his individual capacity. As a wholesale dealer in electrical appliances, the corporation and appellant were subject to provisions of the Mercantile Tax Resolution adopted and the Regulations promulgated by the School District pursuant to the Act of June 20, 1947, P. L. 745, 24 P.S. §582.1 et seq. and Ordinance No. 488 enacted by the City of Pittsburgh under the Act of June 25, 1947, P. L. 1145, 53 P.S. §2015.1 et seq.

The School District Act and City Ordinance both impose a tax on annual gross business transacted, the former at the rate of one-half mill and the latter one mill on the dollar. The provisions of each are similar. They are self-assessing taxes requiring the taxable to compute his own tax and file a return with the treasurer on the same form.

The corporation filed a tax return in March, 1949, predicated upon the volume of business done the pre-

ceding calendar year.[1] Upon dissolution of the corporation appellant failed to file an individual return required for a new business nor did he apply for a refund. In March, 1950, he paid school and city taxes based upon the taxable business done by him as an individual, and the corporation during the prior calendar year.[2] He concedes the change to an individual proprietorship constituted a new business and a new mercantile tax return should have been filed in his individual name within forty days after commencing such business,[3] viz. on or before June 9, 1949. Furthermore, the tax due on March 15, 1950, admittedly should have been based upon the gross taxable business done in May, 1949, (the first month of business transacted by him individually) multiplied by the number of months he engaged in business in such license year.[4]

On August 30, 1950, deficiency assessments were made against appellant for the years 1949 and 1950 for $1210.75 and $2421.51 (exclusive of penalties and interest) due the school and city authorities respectively. The amounts of the deficiencies are not questioned. However, appellant contends (1) any penalties and interest run only from August, 1950, when he was notified of the deficiency assessment; (2) the amount of the tax refund assigned him by the corporation should be set off against the tax due; (3) any penalty imposed for a period prior to notice of the deficiency assessment is unconstitutional as a denial of due process to a taxpayer who acted in

---

[1] The tax paid the School District was $1666.76 and that paid the City $3333.52.

[2] The tax paid the School District was $744.00 and that paid the City $1488.01.

[3] Section 6(d) of the City Ordinance and Article 4(a) 2 of the School District's Regulations.

[4] Section 5(c) of the City Ordinance and Article 5(a)2 of the School District's Regulations.

good faith; and (4) there is no authority for the tax collector to make an assessment against a taxpayer after the expiration of the year in which the tax was due.[5]

1. Section 9(b) of the City Ordinance provides if "the tax is not paid when due in each year, interest at the rate of six per centum (6%) per annum on the amount of said tax, and an additional penalty of one per centum (1%) of the amount of the unpaid tax for each month or fraction thereof during which the tax remains unpaid shall be added and collected."[6]. The pivotal issue is when the tax becomes due. The time for payment is the date the return is filed. Section 7 and Article 4(c). However, appellant argues interest and penalty thereon can run only from the date of notice of the deficiency assessment. *Com. v. Southern Pa. Bus Co.*, 339 Pa. 521, 15 A. 2d 375, involved a similar question regarding the Capital Stock Tax Act of April 8, 1937, P. L. 239, 72 P.S. §1871, also a self-assessing tax. Interest was charged from the date the return was filed although a deficiency assessment was made subsequent thereto. The majority opinion squarely answers appellant's argument and holds that at the time the tax was paid the corporation's liability was fixed and interest runs from that time, not merely from the date the deficiency was agreed upon.

The amount of the tax must be fixed so that the taxpayer may know with certainty what amount he is re-

---

[5] This argument was not raised in the court below. However if the taxing authorities lacked the power to assess a tax after the year in which such tax should have been assessed and paid, *Schmuck v. Hartman*, 222 Pa. 190, 70 A. 1091, a fortiori interest and penalties for such period could not be imposed. The two problems are so interwoven we consider the point as basic and fundamental to the issue. *Capristo v. Gross*, 133 Pa. Superior Ct. 61, 1 A. 2d 575.

[6] Article 9(a) of the School District's Regulations contains a similar provision. Penalties and interest aggregate $643.58.

quired to pay, otherwise it would be inequitable to charge him with interest. Where the taxpayer in good faith enlists the aid of the courts to determine whether he is exempt from the tax law, harsh penalties or unusual interest rates for delinquent payments during pendency of the action should not be charged. *Fidelity-Philadelphia Trust Co. v. Hines,* 337 Pa. 48, 10 A. 2d 553.

In *Southern Pa. Bus Co.,* supra, the Capital Stock Tax Act provided all taxes and bonuses were due and payable the date the return was filed where Section 7 of the City Ordinance merely provides for payment of the amount of tax *shown as due.* The difference is without distinction. The Ordinance requires the taxpayer making the return to certify to the correctness thereof by affidavit. Section 6(a). He alone possesses all the facts upon which a complete and correct return can be based. The computation of the tax is purely mathematical. Interest and penalties accrue not by reason of the deficiency assessment but by virtue of the taxing acts and caused by failure to make a complete and correct return in accordance therewith.

Article 8(a) of the School District Ordinance does not aid appellant. It involves suit for collection by the treasurer of the tax, penalty or interest and provides: ... *"For this purpose,* the due date of the amount of tax computed and reported on a return is the date of filing such return; and the due date of any amount of deficiency of tax, not computed or reported in a return properly filed, is the date in which the City Treasurer makes an assessment of the deficiency by notice thereof sent to the taxpayer." (Emphasis added.) Obviously suit could not be instituted until the taxpayer was notified of a deficiency and opportunity given to make payment. And for the purposes of suit the due date of the deficiency tax would necessarily be the date of notice but does not re-

lieve liability for payment of the full tax on the date the return was filed or prevent the running of interest from such date.

2. Appellant's argument that imposition of interest and penalty is inequitable and unconscionable as the taxing authorities had monies belonging to him almost sufficient to cover the additional assessments[7] fails for two reasons. There was no notice of the assignment, from the corporation to appellant, and there is no statutory authority for a set off against a municipality.

The taxing authorities were not apprised of the fact that appellant had acquired the assets of the predecessor corporation and as its assignee entitled to a refund. The corporation and appellant are two separate and distinct entities. It was not until August, 1950, when the deficiency assessment was made that notice of the assignment was given and the refund paid appellant.

Furthermore, in an action for taxes, set off of an indebtedness of a municipality to the tax debtor will not be allowed. *Bindley v. Pittsburgh,* 64 Pa. Superior Ct. 371; *Com. v. Gerlach,* 347 Pa. 385, 32 A. 2d 410.

3. The right to impose penalties for non-payment of taxes or improperly withholding information as to the size or extent of the taxpayer's estate can no longer be doubted. *Fox's Appeal,* 112 Pa. 337, 4 A. 149; *Leopold Tax Assessment Case,* 118 Pa. Superior Ct. 158, 179 A. 904. It is in effect an additional sum added to the tax for delay in payment and becomes a part thereof. See *Hamilton v. Lawrence,* 109 Pa. Superior Ct. 344, 167 A. 509, and *Appeal of the City of Titusville,* 108 Pa. 600. The fact that appellant acted in good faith, is not for

---

[7] The tax refunds due appellant when he acquired the corporation's assets were $1117.17 (school) and $2222.34 (city) and the net tax deficiency (excluding interest and penalties) was $99.58 (school) and $199.16 (city).

our consideration. *Callery's Appeal,* 272 Pa. 255, 116 A. 222.

To accept appellant's argument would have the practical effect of encouraging procrastination, inaccuracy and carelessness by providing no greater penalty for improper tax returns and payments than the running of simple interest. The purpose of charging interest and imposing penalties for non-payment is to encourage and enforce full and prompt payment of taxes. The interest rates and penalties charged here were not excessive. *Com. v. Perkins,* 342 Pa. 529, 21 A. 2d 45, where the interest penalty of 12% was declared constitutional.

The imposition of interest for the period prior to the notice of the tax deficiency does not constitute a deprivation of property without due process of law since the full and correct tax was due the date the return was filed. *Com. v. Southern Pa. Bus Co.,* supra. If a subsequent audit reveals a deficiency requiring the city treasurer to make an additional assessment, the taxpayer may appeal his ruling to the proper court,[8] as appellant has done.

4. In *Schmuck v. Hartman,* supra, it was decided that unless sanctioned by statute an assessment of a state tax on personal property after the expiration of the year in which it ought to have been assessed and the taxable ought to have paid it is void. The *Schmuck* case followed *Williamson's Estate,* 153 Pa. 508, 26 A. 246, and *Moneypenny's Estate,* 181 Pa. 309, 37 A. 589. More recently the same statute, as amended,[9] was considered in *Curtis's Estate,* 134 Pa. Superior Ct. 364, 3

[8] Section 8(b) of city ordinance.

[9] The Personal Property Tax Act of June 17, 1913, P. L. 507 was subsequently amended by the Act of June 12, 1931, P. L. 544, authorizing the taxing authorities to assess taxes for five years immediately preceding the year of assessment. *Erie County v. Sterling,* 319 Pa. 568, 181 A. 505.

A. 2d 980, (affirmed 335 Pa. 414, 6 A. 2d 283) and *Leopold's Tax Assessment Case,* supra, which are to the same effect. See also *Allegheny County Personal Property Tax Assessment Cases,* 349 Pa. 651, 37 A. 2d 498. However, the personal property tax required that the taxable's property be assessed first by the taxing authorities before collection. Consequently, until so assessed the tax was not delinquent and interest and penalties do not accrue. The mercantile taxes here involved do not require the taxing authorities to make the assessment; they are self-assessing taxes. The validity of self-assessment in taxation has long been recognized. *Com. v. Southern Pa. Bus Co.,* supra; *Com. v. McKean County,* 200 Pa. 383, 49 A. 982; *Com. v. Delaware Div. Canal Co.,* 123 Pa. 594, 16 A. 584; *Com. v. Lehigh Valley R. R. Co.,* 104 Pa. 89; *Turco Paint & Varnish Co. v. Kalodner,* 320 Pa. 421, 184 A. 37.

Orders affirmed.